298 F.3d 146
 Thomas BAKER, on behalf of himself and all others similarly situated, Karen J. Connell, Glenn Diamond, Moana Diamond, Scott Fisher, Dana Fisher, George Seiden, Anand Shetty, Ahmad Fillabi, Elizabeth Ronis, Thomas Caps, Evelyn Diamond, Tim Davis, Herman Fleet, Michael Goldman, Raymond Kirschbaum, Phil Lawitz, Irving Putter, Miriam Putter, Donald T. Roberts, Virendra Shanghavi, August Vrancken, Ayodele Abiona, Ali Badreddine, Joseph Scognamilio and Eduard Korsinsky, Plaintiffs,
v.
HEALTH MANAGEMENT SYSTEMS, INC., Paul Kerz, Laurence B. Simon, Richard H. Stowe, John W. McIntyre, Donald J. Staffa, Russell L. Carson And Robert M. Holster, Defendants-Appellee,
v.
Phillip Siegel, Defendant-Appellant.
 Docket No. 00-7736.
 United States Court of Appeals, Second Circuit.
 Argued: April 27, 2001.
 Decided: July 23, 2002.
 
 Dennis J. Block, Cadwalader, Wickersham & Taft, New York, NY, (Michelle L. Roth, Jasmine Khalili on the brief) for Appellant.
 Howard I. Rhine, Coleman Rhine & Goodwin, LLP, New York, NY, for Appellee.
 Before JACOBS, F.I. PARKER, KATZMANN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Phillip Siegel appeals from an order entered on May 12, 2000 in the United States District Court for the Southern District of New York (Richard M. Berman, Judge), granting in part his application for indemnification from defendant-appellee Health Management Systems, Inc. ("HMS") (and other individual defendants), but denying his application for reimbursement of attorneys' fees and costs incurred in bringing the application for indemnification (also known as "fees on fees"). Siegel made his application pursuant to, inter alia, New York Business Corporation Law ("NYBCL") § 724 (McKinney 1986 & Supp.2000), which allows the court to order indemnification to a corporate officer who is forced to defend against litigation by virtue of his position as a corporate officer. In total, Siegel claimed $84,825.15 in fees and costs.
 
 
 2
 The district court awarded Siegel indemnification against HMS for $60,959.50 in attorneys' fees and $6,677.23 in expenses and disallowed $17,147.64 on the grounds that these fees and costs were incurred in attempting to secure indemnification. See In re Health Mgmt. Sys., Inc. Secs. Litig., 82 F.Supp.2d 227, 232 (S.D.N.Y.2000). This Court certified a question on the potential of a "fees on fees" award under New York's Business Corporation Law to the New York Court of Appeals. Following the Court of Appeals's resolution of the question, this Court affirms the district court's decision granting fees to Siegel under New York Business Corporation Law § 724 for fees and costs incurred during the underlying securities fraud litigation, but denying "fees on fees" incurred in Siegel's pursuit of indemnification.
 
 I.
 
 3
 The background and procedural history of this case are explored in detail in this Court's initial opinion certifying the question to the New York Court of Appeals and in the Court of Appeals responding opinion. Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144 (2d Cir.2001); Baker v. Health Mgmt. Sys., Inc., No. 52, 98 N.Y.2d 80, 2002 WL 724707 (N.Y. April 25, 2002). We provide only a summary of the pertinent facts here.
 
 
 4
 In 1997, the plaintiffs filed a series of securities fraud class action suits against defendant Health Management Services and a number of its officers and directors, including defendant-appellant Siegel. Finding himself in somewhat different circumstances than the other named officers in that he had joined the company three months after the beginning of the class period and had bought, not sold, stock during the relevant time frame, Siegel sought separate counsel. This separate representation resulted in the district court's dismissal of the claims against Siegel on August 10, 1998, pursuant to a stipulation agreement between Siegel and the plaintiffs.
 
 
 5
 The action against the remaining defendants continued for approximately three years and resulted in a $4 million settlement. After settlement, HMS indemnified the officers who had pursued a joint defense with HMS for the fees and costs they incurred during the lengthy litigation process. HMS, however, denied Siegel's request for indemnification, forcing him to seek help in the federal courts. A magistrate judge recommended that Siegel receive most of the fees he sought, but found his claim for "fees on fees," those charges incurred in the litigation in pursuit of indemnification, outside the scope of New York's indemnification provisions. The district court adopted the magistrate's findings in full over Siegel's objection, In re Health Mgmt. Sys., Inc., 82 F.Supp.2d at 232, and Siegel appealed to this Court.
 
 
 6
 This Court originally addressed Siegel's claim in an opinion issued on August 21, 2001. Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144 (2d Cir.2001). We affirmed the district court's finding first that HMS had not acted in bad faith in conducting the indemnification litigation and affirmed the district court's refusal to award fees on fees under the bad faith exception to the American Rule generally requiring parties to bear their own litigation expenses. Id. at 150. We next found "that the New York Court of Appeals ha[d] not interpreted NYBCL §§ 722, 723, 724 with respect to `fees on fees' in a non-contractual context," thus requiring this Court to seek further clarification of New York law before ruling on the issue. Id. at 153. Recognizing a "dearth of case law on the `fees on fees' issue," we certified the following question to the New York Court of Appeals:
 
 
 7
 Where a corporate officer is "successful" in the defense of an underlying action, within the meaning of New York Business Corporation Law § 723(a), where the corporation unsuccessfully contests the duty to indemnify and contests with partial success the amount of indemnification, and where there is no bad faith on the part of the corporation, does the phrase "attorneys' fees actually and necessarily incurred as a result of such action or proceeding," as used in New York Business Corporation Law § 722(a), provide for recovery of reasonable fees incurred by a corporate officer in making an application for fees before a court (as authorized by New York Business Corporation Law § 724(a))?
 
 
 8
 Id. at 154. We retained jurisdiction over the case to resolve any questions remaining after the New York Court responded. Id.
 
 II.
 
 9
 The New York Court accepted the certification on September 20, 2001, see Baker v. Health Mgmt. Sys., Inc., 759 N.E.2d 365(Mem), 2001 WL 1104552(Mem) (N.Y. Sept.20, 2001), and on April 25, 2002, issued a decision answering our question in the negative. Baker v. Health Mgmt. Sys., Inc., No. 52, 98 N.Y.2d 80, 2002 WL 724707 (N.Y. April 25, 2002). In concluding that fees on fees were not intended within the language of NYBCL §§ 722, 723, and 724, the Court of Appeals found that the language of the statutes, limiting recovery to those expenses that are "actually and necessarily incurred as a result of [an] action or proceeding," and the legislative history of those statutes, indicated that New York law "requires a reasonably substantial nexus between the expenditures and the underlying suit" in order to qualify for an award of fees. Id. The court observed that Siegel's fees on fees claim arose not from his need to defend against the securities action, but from HMS's refusal to indemnify him for his securities case defense. In the majority's view, "[i]t stretches language beyond the outer limits of meaning to claim that those fees on fees were necessarily incurred by reason of the joinder of Siegel in the securities fraud suits."[1] Id. Thus, the Court answered the certified question in the negative. Id.
 
 III.
 
 10
 This Court recognizes that "[w]here a decision is to be made on the basis of state law ... the Supreme Court has long shown a strong preference that the controlling interpretation of the relevant statute be given by state, rather than federal, courts." Allstate Ins. Co. v. Serio, 261 F.3d 143, 150 (2d Cir.2001). "[R]ooted in basic principles of federalism," this preference requires deference to the opinions of state court on state law question when such decisions are available. Id. In this case, we initially certified our question on the interpretation of the NYBCL rules governing indemnification to the New York Court of Appeals because of the "dearth of case law on the `fees on fees' issue in this particular context." Baker, 264 F.3d at 154. Responding to our question, the New York Court of Appeals has provided a clear decision filling this identified void. Now, "we are obligated to apply New York law as determined by its highest court." Hamilton v. Beretta U.S.A. Corp., 264 F.3d 21, 29 (2d Cir.2001).
 
 
 11
 Responding to the Court of Appeals's decision, Siegel urges this Court to reconsider its affirmation of the district court's conclusion that HMS did not act in bad faith and to determine whether the HMS by-laws grant Siegel greater rights to indemnification than the NYBCL, as interpreted by the Court of Appeals, will allow. Siegel's request that we reconsider our finding of no bad faith fails both because that issue, resolved by our certification opinion, is no longer before this court and because the basis for our conclusion, the narrow construction generally afforded the bad faith exception to the American Rule governing awards of attorneys fees, is unaffected by the New York Court's decision. As to Siegel's argument, based on the dissent from the New York decision, that the HMS by-laws provide a greater right to indemnity than the NYBCL, we conclude that the New York Court's explanation that fees "necessarily incurred" have a "reasonably substantial nexus between the expenditures and the underlying suit," in no way suggests that HMS's allowance of fees "actually and reasonably incurred" should provide greater indemnity. Furthermore, while, as Siegel notes, the New York Court acknowledged that companies may provide greater indemnity rights than the NYBCL provides, we do not find HMS's use of "actually and reasonably incurred" as opposed to "necessarily incurred" the type of explicit statement required to assert a party's intention not to follow the American Rule.
 
 
 12
 Despite Siegel's arguments to the contrary, as the New York Court of Appeals has determined (1) that NYBCL §§ 722, 723, and 724 require a "substantial nexus" between the expenses on which indemnification is sought and the underlying litigation against which the claiming officer was forced to defend, and (2) that the connection between the fees incurred in pursuit of indemnification in this case were not "necessarily incurred by reason of the joinder of Siegel in the securities fraud suit," we affirm the decision of the district court adopting the magistrate's recommendation that Siegel receive reimbursement for expenses incurred in defending the securities fraud action, but not for the additional expenses incurred in subsequently seeking indemnification from HMS.
 
 III.
 
 13
 In light of the decision of the New York Court of Appeals answering in the negative the certified question, we affirm the decision of the district court granting indemnification but limiting the award of expenses to fees and costs incurred in defense of the substantive securities fraud litigation.
 
 
 
 Notes:
 
 
 [1]
 Relying on the same language, a three judge dissent found that Siegel's expenses incurred in pursuit of indemnification were "actually andnecessarily incurred" by the securities litigation, id. (emphasis in original), since Siegel's payment of those fees would violate the director's "statutory right to be free of personal expense in successfully defending [his] corporate action," id.