■ In the Matter of VICTOR SCHILDKRAUT, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent State Commissioner of Social Services, dated June 17, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for public assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, petitioner's application is granted 'and the matter is remitted to the respondents for further proceedings consistent herewith. Petitioner's application for public assistance was denied because of his failure to utilize an available resource, namely, an automobile he owned. Petitioner is a student who, at the time of the fair hearing, estimated that he would "get [his] PhD" within five to seven weeks. The car, a 1974 Datsun valued at $100, was used to commute to and from Queens College. The uncontroverted evidence showed that petitioner was required to stay at school until the early morning hours in order to have access to the computer. He generally stayed at the campus beyond 2:00 A.M. and often until 3:00 A.M. or later. At that hour, bus connections to petitioner's home were "almost impossible" to make, since the second bus he would have to take stops running at 3:10 A.M. Additionally, because petitioner has to take two buses, it is cheaper for him to drive. Furthermore, petitioner testified that upon receiving his degree, his job "hunt," as well as his ability to accept a job in an outlying area, would be greatly facilitated by use of the car. In fact, it would be more difficult for him to complete his degree and obtain employment were he forced to sell his car. Under these circumstances, petitioner has adequately demonstrated that his car is essential to the production of income, and that the determination of the State commissioner was not supported by substantial evidence. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.

■ In the Matter of SKA FOODS, INC., Petitioner, v TARRYTOWN URBAN RENEWAL AGENCY, Respondent. — Proceeding pursuant to section 207 of the Eminent Domain Procedure Law to review a determination of the Tarrytown Urban Renewal Agency, dated September 3, 1981 and made after a public hearing, which concluded that there is a public use, benefit and purpose to be served by the condemnation of the exclusivity clause in the lease agreement to which petitioner's franchise is subject. Proceeding dismissed as academic, without costs or disbursements. On March 24, 1982 the following resolution was adopted by the Tarrytown Urban Renewal Agency: "WHEREAS, this Board has now been reliably informed that the Robert Martin Company (lessor) and the Kenmor Company (lessee) have now signed an agreement to the effect that in consideration of certain payments and agreements, the said lease clause is not and will not be applicable to a Grand Union supermarket to be built and operated in the Urban Renewal Area, NOW, THEREFORE BE IT RESOLVED, that the aforesaid instruction to the Village Attorney be rescinded and that this Agency shall not at this time pursue condemnation of a lease clause which no longer is effective or an impediment to satisfaction of the public interest." In view of respondent's determination not to pursue a condemnation of the exclusivity clause, there is no subject of a proceeding pursuant to EDPL 207. Accordingly, the petition must be dismissed as academic. Gibbons, J. P., Gulotta, O'Connor and Boyers, JJ., concur.