■ In the Matter of WILLIAM ISER, Petitioner, v NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [681 NYS2d 866] —White, J. Proceeding pursuant to CPLR 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law former article 31-B.

The facts underlying this CPLR article 78 proceeding involving Tax Law former article 31-B[1] are undisputed. In 1985 Timberline, a New York corporation in which petitioner had a 40% interest and Stephen Iser (hereinafter Iser) had a 60% interest, purchased two parcels of real property in the Town of Clarkstown, Rockland County, on which condominiums were situated. On February 24, 1987, Timberline was liquidated and the properties having a fair market value of $5 million were transferred to Timberline Associates, L.P. (hereinafter partnership), a Delaware limited partnership in which, for the purposes of this proceeding, petitioner held a 40% interest and Iser a 60% interest. Two days later, petitioner withdrew from the partnership thereby increasing Iser's interest to 100%. Thereafter, the partnership filed a gains tax return in connection with the sale of condominium units which recited a stepped-up original purchase price (hereinafter OPP) reflecting the $2 million consideration it paid petitioner for his 40% interest.

The Division of Taxation and Finance determined that the partnership was not allowed to step up its OPP because its acquisition of petitioner's interest was not a controlling interest. It then issued two notices of determination to the partnership assessing additional real property transfer gains tax due to the reduction in its OPP. Thereafter, apparently due to adjustments that increased the partnership's OPP that

---

1. Tax Law article 31-B was repealed effective July 13, 1996 (L 1996, ch 309, § 171).

reflected the consideration it paid petitioner for his interest, the Division issued an assessment to petitioner imposing a real property transfer gains tax of $180,200 stemming from the transfer of his 40% interest to Iser.[2] Following a conciliation conference reducing the tax to $160,400, petitioner sought administrative relief.

Tax Law former article 31-B imposed a real property transfer gains tax of 10% upon gains derived from the transfer of real property within this State where the consideration was $1 million or more (Tax Law former § 1441 [1]; § 1443 [1]). " 'Transfer of real property' " was defined as, *inter alia*, "the * * * acquisition of a controlling interest in any entity with an interest in real property" with "controlling interest" being defined "in the case of a partnership * * * fifty percent or more of the capital, profits or beneficial interest in such partnership" (Tax Law former § 1440 [2] [ii]; § 1440 [7]). To discourage tax avoidance schemes, the statute permitted the aggregation of partial or successive transfers (*see, Matter of Cove Hollow Farm v State of New York Tax Commn.*, 146 AD2d 49, 52; *see also*, Tax Law former § 1440 [7]). It is this provision that is at the center of this controversy since the Administrative Law Judge found that Iser's acquisition of petitioner's 40% interest when aggregated with the initial transfer of the property from Timberline to the partnership was a taxable event.[3] Petitioner's exception to this finding was denied by respondent Tax Appeals Tribunal. This proceeding ensued.

The resolution of this proceeding turns on whether the Tribunal's application of the relevant statutes to the subject transfers has a rational basis (*see, Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Petitioner maintains that it does not because his withdrawal from the partnership did not result in Iser acquiring a controlling interest because he always owned more than 50% of the entity that held title to the real property. The flaw in petitioner's argument is that it treats his withdrawal from the partnership in isolation and overlooks the fact that the Legislature designed the statute to maximize revenues and to curtail tax avoidance schemes (*see, Matter of Bredero Vast Goed v Tax Commn.*, 146 AD2d 155, 158, *appeal dismissed* 74 NY2d 791). Therefore, when Iser's

---

**2.** Tax Law former § 1442 placed the obligation of paying the tax upon the transferor.

**3.** The initial transfer was exempt from taxation since it involved a mere change of identity or form of ownership or organization without any change in beneficial ownership (Tax Law former § 1443 [5]).

acquisition of petitioner's 40% interest is added to the initial transfer and the two events are viewed as a single transaction, the Tribunal properly determined that a taxable event had occurred since Iser came into possession of more than a 50% interest in the partnership, which determination was in full accord with Tax Law former § 1440 (7) and the implementing regulation (20 NYCRR 590.45 [d]).[4] As our analysis establishes a rational basis for the Tribunal's determination, we confirm.

Our disposition is not affected by petitioner's arguments predicated upon Tax Law former § 1440 (7) (b) since that statute is inapplicable as it was not enacted until 1994 (L 1994, ch 170, § 94). Lastly, we reject petitioner's contention that an exempt transfer cannot be aggregated with a taxable transfer since the Legislature did not include such circumstance among the exceptions to the aggregation rule set forth in Tax Law former § 1440 (7) (see, McKinney's Cons Laws of NY, Book 1, Statutes § 240).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

4. 20 NYCRR 590.45 (d) reads:
"[Q.] If a shareholder acquires a 50 percent interest in a corporation and gains tax is paid on that transfer, and one year later the same shareholder acquires an additional 20 percent, is there a second acquisition of a controlling interest?
"[A.] Yes."