STANLEY FRIEDENBURG et al., Appellants, v STATE OF NEW YORK, Respondent. [860 NYS2d 214]—

In a claim for damages pursuant to EDPL article 5, arising from the acquisition of real property by the State of New York, the claimants appeal from an order of the Court of Claims (Lack, J.), dated March 13, 2007, which denied their motion for summary judgment fixing May 24, 2005 as the valuation date for the subject property and granted the defendant's cross motion for summary judgment fixing April 14, 1995 as the valuation date for the subject property.

Ordered that the order is reversed, on the law, with costs, the claimants' motion for summary judgment fixing May 24, 2005 as the valuation date for the subject property is granted, and the defendant's cross motion for summary judgment fixing April 14, 1995 as the valuation date for the subject property is denied.

This appeal concerns waterfront property in the Village of Southampton that was purchased in 1962 by Gwendolyn Londino, who died in 1983. At the time that Londino purchased the subject property, it was not subject to any environmental restrictions. In 1973, however, the Legislature adopted the Tidal Wetlands Act (ECL art 25; L 1973, ch 790), and pursuant thereto, the New York State Department of Environmental Conservation (hereinafter the DEC) eventually determined that

almost all of the subject parcel should be designated as tidal wetlands.

In 1987 the claimants, who are the executor of Londino's estate and Londino's daughter, respectively, applied for a tidal wetlands permit to build a one-family house on the property. The DEC ultimately denied the permit application on April 14, 1995. The claimants then commenced a proceeding pursuant to ECL 25-0404 to annul the denial and direct the DEC to issue a tidal wetlands permit, or, in the alternative, for a declaration that the denial of the permit should be regarded as the equivalent of a taking of property without just compensation and that the DEC should be ordered to commence condemnation proceedings. In a judgment entered January 25, 2001, the Supreme Court determined that the permit denial was the equivalent of a taking without compensation and directed the DEC to either issue the permit or acquire the property. This judgment was affirmed on appeal to this Court in 2003 (see *Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 3 AD3d 86 [2003]). The DEC ultimately acquired title to the property by eminent domain on May 24, 2005 by the filing of an acquisition map and property description in the office of the Suffolk County Clerk.

In 2006 the claimants commenced this action in the Court of Claims, seeking compensation for the value of their property. The claimants moved for summary judgment fixing May 24, 2005—the date on which DEC filed its acquisition map and title vested in the State—as the valuation date for the property. The State opposed the motion and cross moved for summary judgment fixing April 14, 1995—the date that the permit application was denied—as the valuation date. The Court of Claims agreed with the State that April 14, 1995 is the proper valuation date, and thus denied the claimants' motion and granted the State's cross motion. We reverse.

Pursuant to ECL 25-0404 (entitled "Judicial review"), any person who is aggrieved by the denial of tidal wetlands permit may seek judicial review of that determination. The statute then states: "In the event that the court may find that the determination . . . constitutes *the equivalent of a taking without compensation* . . . it may . . . either set aside the order or require the commissioner to acquire the tidal wetlands or such rights in them as have been taken, *proceeding under the power of eminent domain*" (emphasis added). Proceeding under that statute, the claimants obtained a judgment providing that the denial of the permit constituted the "equivalent of a taking without compensation," and directing the DEC to make an elec-

tion pursuant to ECL 25-0404, i.e., either to "set aside the permit denial or acquire [the claimants'] wetlands or such rights in them as have been taken, proceeding under the power of eminent domain." The effect of that judgment, which was subsequently affirmed by this Court, was merely to trigger the DEC's right to acquire the subject parcel by the process of eminent domain (*see* ECL 25-0404; *Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 3 AD3d at 100).

The fact that testimony was adduced in the ECL 25-0404 proceeding with respect to the value of the property as of the April 14, 1995 permit denial date does not mean that the claimants' compensable value was fixed as of that date. While such testimony was necessary to establish the economic impact of the permit denial (*see Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 617 [1997], *cert denied* 522 US 813 [1997]; *see also Lucas v South Carolina Coastal Council*, 505 US 1003, 1019 [1992]; *Penn Central Transp. Co. v New York City*, 438 US 104, 123-124 [1978]) and, consequently, whether that denial constituted the equivalent of a taking, the valuation question at issue here was not then before the Supreme Court.

Eminent Domain Procedure Law § 402 (A) (3) states, in pertinent part, that the acquisition of property acquired by the State under eminent domain "shall be deemed complete and title to such property shall be vested in the state" when the State files a certified copy of its acquisition map in the clerk's office of the county where the property is located, in this case on May 24, 2005. "[A] condemnee is entitled to just compensation *as of the instant its property is taken by the vesting of title in the condemnor. It is as of that time that the value is to be fixed*" (*Matter of City of New York [Salvation Army]*, 43 NY2d 512, 518 [1978] [emphasis added]; *see Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 83 NY2d 205, 213 [1994]; *Wolfe v State of New York*, 22 NY2d 292 [1968]; *see generally Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603 [1997], *cert denied* 522 US 813 [1997]; *Basile v Town of Southampton*, 89 NY2d 974 [1997], *cert denied* 522 US 907 [1997]). Accordingly, the claimants established their entitlement to judgment as a matter of law fixing the value of their acquired property as of May 24, 2005, the date when title to the property vested in the State, and the State failed to raise a triable issue of fact in opposition. Consequently, the court should have granted the claimants' motion for summary judgment and denied the State's cross motion for summary judgment. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.