[918 NE2d 933, 890 NYS2d 421]

GEORGIA HARGETT, Respondent, v TOWN OF TICONDEROGA et al., Appellants.

Argued October 22, 2009; decided November 19, 2009

**POINTS OF COUNSEL**

*FitzGerald Morris Baker Firth P.C.*, Glens Falls (*John D. Aspland, Jr.*, of counsel), for appellants. The Eminent Domain Procedure Law does not allow for an award of attorney's fees in cases such as this. (*Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540; *Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge*, 213 AD2d 409; *Matter of 49 WB, LLC v Village of Haverstraw*, 44 AD3d 226; *Matter of Agioritis*, 52 AD2d 128; *Matter of City of New Rochelle v O. Mueller, Inc.*, 191 AD2d 435.)

*Darrell W. Harp*, Clifton Park, for respondent. Plaintiff, as a condemnee in the present matter, is entitled to reimbursement from defendants for all actual and necessary costs, disbursements and expenses she incurred in her successful EDPL article 2 challenge to the proposed taking of her property by eminent domain and her subsequent EDPL article 7 proceeding. (*Matter*

*of 49 WB, LLC v Village of Haverstraw,* 44 AD3d 226; *Matter of Broadway Schenectady Entertainment v County of Schenectady,* 288 AD2d 672; *Matter of Metropolitan Transp. Auth.,* 32 AD3d 943; *Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517; *Matter of City of New York [Grand Lafayette Props. LLC],* 6 NY3d 540; *Matter of Mitchell v Common Council of City of Oswego,* 80 AD2d 722; *Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge,* 213 AD2d 409; *General Crushed Stone Co. v State of New York,* 93 NY2d 23; *Matter of City of New Rochelle v O. Mueller, Inc.,* 191 AD2d 435.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

On this appeal, we must determine whether Eminent Domain Procedure Law (EDPL) § 702 (B) provides for reimbursement of attorney's fees and costs when a condemnee successfully challenges a condemnor's authority to acquire real property in proceedings pursuant to EDPL 207 (A). We conclude that EDPL 702 (B) provides for reimbursement under such circumstances, and the Appellate Division order should be affirmed.

In a prior action, the Appellate Division determined that the Superintendent of Highways of the Town of Ticonderoga exceeded his authority in seeking to condemn certain real property for purposes not related to his position (*Matter of Hargett v Town of Ticonderoga,* 35 AD3d 1122 [3d Dept 2006], *lv denied* 8 NY3d 810 [2007]). The respondent on this appeal (the property owner in the prior action) subsequently commenced this litigation in Supreme Court, Essex County under EDPL 702 (B) seeking reimbursement of attorney's fees and certain other costs allegedly incurred in connection with the prior proceeding and the Town's efforts to condemn her property. Both sides moved for summary judgment. Finding no Appellate Division, Third Department case on point, the Supreme Court determined that it was bound by *Matter of 49 WB, LLC v Village of Haverstraw* (44 AD3d 226, 245-246 [2d Dept 2007])—where the Second Department found EDPL 702 (B) did not provide for reimbursement under these circumstances—and dismissed the complaint (18 Misc 3d 1138[A], 2008 NY Slip Op 50343[U]). The Appellate Division modified the order by denying defendants' cross motion for summary judgment dismissing the complaint, granting plaintiff's motion for summary judgment as to liability only and remitting to Supreme Court to determine the reasonable amount of her reimbursable costs and expenses (56 AD3d 1016

[2008]). It expressly noted its disagreement with the Second Department decision relied on by the lower court, and it determined that EDPL 702 (B) does provide for reimbursement under these circumstances.

The Appellate Division subsequently granted defendants' motion for leave to appeal to this Court, certifying the following question:

> "Did this Court err, as a matter of law, in modifying, on the law, the order of Supreme Court by reversing so much thereof as granted defendants' cross motion and as denied plaintiff's motion in its entirety; denying defendants' cross motion, granting plaintiff's motion on the issue of liability, and remitting the matter to the Supreme Court for further proceedings not inconsistent with this Court's decision and, as so modified, affirming the order?"

There is no cross appeal by plaintiff. The parties to this appeal have made no arguments as to which particular costs may be recompensed; rather, this appeal is limited to whether there is an entitlement to reimbursement.

Generally, a two-step process is required under the Eminent Domain Procedure Law before a condemnor obtains title to property for public use. The condemnor first makes a determination to condemn the property after invoking the hearing and findings procedures of EDPL 203 and 204 (*Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 543 [2006]).* Thereafter, the condemnor must seek the transfer of title to the property by commencing a judicial proceeding known as a vesting proceeding pursuant to EDPL article 4 (*id.*).

A person aggrieved by a condemnor's determination and findings made pursuant to EDPL 204 may seek judicial review of the determination and findings in an original proceeding brought in the Appellate Division pursuant to EDPL 207. Judicial review must be sought "within thirty days after the condemnor's completion of its publication of its determination and findings" (EDPL 207 [A]), and a "condemnee may not wait until the condemnor initiates a vesting proceeding to raise its claims" (*Matter of City of New York*, 6 NY3d at 549 n 4). Judicial review of a condemnor's determination and findings at this first step of the process is limited by statute to certain issues,

---

* In certain circumstances, pursuant to EDPL 206 the condemnor need not rely on the hearing and findings procedures of EDPL 203 and 204.

including whether "the proposed acquisition is within the condemnor's statutory jurisdiction or authority" (EDPL 207 [C] [2]).

Attorney's fees and costs are sought here pursuant to EDPL 702 (B), which provides:

> "In the event that the procedure to acquire such property is abandoned by the condemnor, or a court of competent jurisdiction determines that the condemnor was not legally authorized to acquire the property, or a portion of such property, the condemnor shall be obligated to reimburse the condemnee, an amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, and other damages actually incurred by such condemnee because of the acquisition procedure."

Defendants argue that section 702 (B) provides for the reimbursement of attorney's fees and expenses incurred only during the vesting proceeding, the second step of the EDPL's process, and not for fees and expenses incurred during the first step of the process. We disagree.

It is true that the EDPL defines "acquisition" as the "act of vesting of title, right or interest to, real property for a public use, benefit or purpose, by virtue of the condemnor's exercise of the power of eminent domain" (EDPL 103 [A]) and that section 702 (B) provides for the reimbursement of fees and costs incurred "because of the acquisition procedure" (*see Matter of 49 WB*, 44 AD3d at 245 [concluding that the "operative word of the statute is 'acquisition' " and that section 702 (B) limits reimbursement to those fees and costs incurred as part of the " 'second step' of eminent domain"]). But the EDPL also defines a "condemnee" as "the holder of any right, title, interest, lien, charge or encumbrance in real property subject to an *acquisition or proposed acquisition*" (EDPL 103 [C] [emphasis added]), and it is in the judicial review provided by EDPL 207 in which the condemnee may raise the issue of whether "the *proposed acquisition* is within the condemnor's statutory jurisdiction or authority" (EDPL 207 [C] [2] [emphasis added]).

Given section 207 (A)'s 30-day statute of limitations to seek such judicial review, a condemnee may not sit on its claims until the second step when the condemnor commences a vesting proceeding (which a condemnor may do up to three years after making its determination and findings [EDPL 401 (A) (1)]).

Rather, a condemnee must seek judicial review in the Appellate Division practically forthwith—before step two of the process. Thus, section 702 (B) provides for reimbursement to the condemnee who successfully challenges a "proposed acquisition" at the first step of the eminent domain process and obtains a judicial determination that the condemnor lacks the authority to pursue the proposed acquisition. Moreover, contrary to defendants' argument, we can discern no reason why the Legislature would have been disposed to allowing condemnees successful in EDPL article 4 proceedings to obtain reimbursement while simultaneously barring the same relief to condemnees successful in EDPL article 2 proceedings.

We therefore conclude that reimbursement for attorney's fees and other costs incurred by a condemnee may be sought pursuant to EDPL 702 (B) after it is determined in an EDPL article 2 proceeding that the condemnor lacked authority to pursue the proposed acquisition.

We should also note what we are not deciding today. The attorney's fees and costs that may be reimbursed under section 702 (B) are expressly limited by the statute to those that are "actually incurred by such condemnee because of the acquisition procedure" (EDPL 702 [B]). Plainly, fees and costs incurred by a condemnee after a condemnor makes a determination and findings that are adverse to the condemnee pursuant to EDPL 203 and 204 are incurred "because of the acquisition procedure" (id.). However, we take no view here as to whether fees incurred before such an adverse determination may be said to be incurred "because of the acquisition procedure" within the meaning of EDPL 702 (B). Specifically, we do not decide today whether fees and costs incurred in preparing for and participating in an EDPL 203 public hearing after the condemnee has received notice of the hearing but prior to an adverse determination from the condemnor may be reimbursed under section 702 (B), nor do we decide whether fees and costs incurred prior to the receipt of formal notice of an EDPL 203 hearing may be reimbursed. These issues are not now before us because this appeal is limited to whether there is an entitlement to reimbursement.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, etc.