OPINION OF THE COURT
Robert J. Muller, J.
The parties hereto continue a saga begun some time in 2005 when certain officials of defendant Town of Ticonderoga (hereinafter the Town) became enamored with the idea of attempting to obtain acreage owned by plaintiff for purposes of recreational use.
The initiating “legal” process occurred when the Town issued a “notice of public hearing” to be held on March 30, 2006 to consider a public taking of private property under article 2 of the Eminent Domain Procedure Law. The decision to issue the notice and conduct such a hearing occurred at a Town Board meeting held on March 9, 2006. Significant litigation then ensued between plaintiff and the Town, culminating in a decision from the Appellate Division, Third Department on October 16, 2008 which found, inter alia, that the Town exceeded its authority in initiating the eminent domain procedure (see Matter of Hargett v Town of Ticonderoga, 35 AD3d 1122 [2006], lv denied 8 NY3d 810 [2007]). Plaintiff subsequently commenced the instant action pursuant to EDPL 702 (B), which directs a condemnor to reimburse a condemnee for “actual and necessary costs, disbursements and expenses, including reasonable attorney . . . fees” incurred by the condemnee because of the failed condemnation attempt.
The trial court, then presided over by the Honorable James P Dawson, held that EDPL 702 (B) did not apply to this action. The Appellate Division, Third Department subsequently reversed this conclusion, however, and that determination was affirmed by the Court of Appeals (see Hargett v Town of Ticonderoga, 56 AD3d 1016 [2008], affd 13 NY3d 325 [2009]). This court is now confronted with the task of determining the reasonable amount of reimbursable costs and disbursements under EDPL 702 (B).
*445 The motion presently before this court is an amended motion for summary judgment dated February 4, 2010.*
Both parties, by their submissions, have addressed this court’s stated concern relating to the point in time when reimbursable fees and expenses commenced and when the accumulation of such fees and expenses ceased. The reasonableness of those fees is deferred to another proceeding (see Becker v Empire of Am. Fed. Sav. Bank, 177 AD2d 958, 959 [1991]).
Unsurprisingly, plaintiff propounds that the “clock” for reimbursable expenses began to run when she was first approached by an official from the Town in 2005 relative to the availability of her property, an inquiry which referenced the potential for a proceeding by condemnation. Notwithstanding that a landowner would be perfectly within her rights — and perhaps prudent — to consult an attorney when this potential first surfaces, it is too expansive a view of the statute’s phraseology to encompass such early consultations as within the ambit “of the acquisition procedure” (EDPL 702 [B]). The acquisition procedure is a creature of statute and the notice upon which the March 30, 2006 hearing was held is dated March 15, 2006. Such notice is the initial procedure referenced in the statute and, in absence of any jurisprudence or some semblance of germane legislative history to the contrary, this court determines that the time line for the measurement of actual and necessary costs begins with the date of the notice for a public hearing. Consultation with an attorney is a reasonable reaction by a landowner confronted with a formally noticed — and thus ripened— controversy.
More problematic is the question of whether the expenses incurred by plaintiff in the instant action — which required appeals to the Appellate Division and the Court of Appeals — should be included as “damages actually incurred by such condemnee because of the acquisition procedure” (EDPL 702 [B]). The Town urges that when the Appellate Division issued its unanimous decision granting plaintiffs petition and annulling the determination to condemn plaintiffs property (see Matter of Hargett v Town of Ticonderoga, 35 AD3d at 1124), this ended the accrual of plaintiffs expenses incurred “because of the acquisition procedure” (EDPL 702 [B]). The Town, however, extended that litigation by applying to the Court of Appeals for leave to *446 appeal, thereby keeping the acquisition procedure very much alive. Indeed, this court’s review of the legislative history notes that “[this] bill recognizes the need for compensating owners for incidental expenses incurred during the acquisition procedure]” (Budget Report on Bills, July 15, 1977, at 3, Bill Jacket, L 1977, ch 839 [emphasis added]). Thus there appears no statutory prohibition against including those expenses incurred by plaintiff in responding to the Town’s Court of Appeals application as part of the expenses associated with the acquisition procedure. These costs are properly included as part of the damages actually incurred by the condemnee.
Next addressed, accordingly, is whether plaintiff’s efforts to collect her damages are, in and of themselves, part of the damages this court should recognize as incurred during the acquisition procedure. Those efforts have included the initiation of the instant action, which has assumed its own unique persona as it traveled back through the Appellate Division and the Court of Appeals. In its opinion relative to this action, the latter concluded as follows: ‘ ‘ [R]eimbursement for attorneys fees and other costs incurred by a condemnee may be sought pursuant to EDPL 702 (B) after it is determined in an EDPL article 2 proceeding that the condemnor lacked authority to pursue the proposed acquisition” (Hargett v Town of Ticonderoga, 13 NY3d at 330).
In so doing, the Court of Appeals resolved a conflict between the Departments by specifically upholding the Third Department in Hargett v Town of Ticonderoga (56 AD3d 1016 [2008], supra), while thus overturning that of the Second Department in Matter of 49 WB, LLC v Village of Haverstraw (44 AD3d 226 [2007]). Haverstraw — which was issued on June 19, 2007 — held, inter alia, that the reimbursement obligation of EDPL 702 (B) applied only to the vesting procedure (the “second step” of the two-step acquisition procedure) set out in EDPL articles 4 through 6. Here, the Town claims it was justified in relying upon the Second Department’s decision in Haverstraw when it chose to resist plaintiffs efforts to be compensated following the Court of Appeals’ April 26, 2007 denial of permission for leave to appeal (see Matter of Hargett v Town of Ticonderoga, 8 NY3d 810). The Town’s resistence, however, led to the two appellate decisions in this very case, both of which firmly determined that the EDPL 702 (B) reimbursement obligation applies to EDPL article 2 as well, the article under which plaintiffs challenge was successful.
*447 The Town now takes the position in its latest memorandum of law that March 15, 2006 (the date of the public hearing notice) and April 26, 2007 (the date upon which the Court of Appeals denied permission for leave to appeal) mark the earliest and latest possible dates for the beginning and end of the acquisition process and, further, that to permit plaintiff to obtain attorney fees in the collection process goes beyond the acquisition procedure and amounts to awarding “fees on fees.” It is the Town’s argument that since there were no proceedings pending under EDPL article 2 after April 26, 2007, a strict reading of EDPL 702 (B) (i.e., permitting fees and expenses “because of the acquisition procedure”) requires this court to rule that costs associated with plaintiffs’ efforts to collect the fees and expenses incurred in the initial proceeding or, as here, in a separate plenary action, are not recoverable.
The court’s review of the viability of this “fees on fees” argument reveals conflicting decisions on each side of the equation and, thus, a more detailed review of how similar statutory phraseologies have fared is necessary.
In Podhorecki v Lauer’s Furniture Stores (201 AD2d 947 [1994]), the Appellate Division, Fourth Department allowed an attorney fee recovery upon the application of General Business Law § 396-u (7) which provides for the recovery of “reasonable attorney fees to a prevailing plaintiff consumer.” The Fourth Department specifically allowed fees for services performed on the fee application itself. Some years later in Hayes v Ontario Plastics (6 AD3d 1122 [2004]), the issue reappeared in a contractual provision providing for reasonable attorneys fees upon collection under a promissory note. In that case, the Fourth Department remitted the matter for consideration of attorneys fees “incurred in connection with the original application for attorneys’ fees and in connection with [the] appeal” (id. at 1123).
In Baker v Health Mgt. Sys. (98 NY2d 80 [2002]), the Court of Appeals considered the “fees on fees” issue in the context of a provision in Business Corporation Law § 723 (a) which mandates the indemnification of an officer or director who successfully defends an action brought against him because of his corporate position, “[including attorneys fees actually and necessarily incurred as a result of such action or proceeding” (Business Corporation Law § 722 [a]). Business Corporation Law § 724 (a) then provides that a court shall award indemnification “to the extent authorized” by Business Corporation Law §§ 722 and 723 (a). EDPL article 2 has no such language of limitation.
*448 The posture of the Baker case is similar to the instant situation as the defendant in Baker also refused to acknowledge its statutory obligation to reimburse the plaintiff for his fees upon successful conclusion of the associated litigation. Significantly, in Baker the Court of Appeals did not allow defendant to recover those attorneys fees incurred in successfully establishing his right to such fees, nor those fees incurred in justifying the amount of such fees. The statutory provision under consideration in Baker, although similar, is not the same as EDPL 702 (B), which allows the recovery of “actual and necessary costs, disbursements and expenses, including reasonable attorneys . . . fees . . . actually incurred by [a] condemnee because of the acquisition procedure.” The differences between “incurred as a result of’ (Business Corporation Law § 722 [a]) and “actually incurred . . . because of’ (EDPL 702 [B]) would be razor thin were it not also for the limiting phraseology “to the extent authorized” of Business Corporation Law § 724 (a).
Also noted is Posner v S. Paul Posner 1976 Irrevocable Family Trust (12 AD3d 177 [2004]) (hereinafter Posner), wherein it was held that Baker did not create a per se rule against “fees on fees” in attorney fee award cases. There, the Appellate Division, First Department, held that Debtor and Creditor Law § 276-a, which provides for the award of “reasonable attorneys fees” upon certain findings, permitted some “fees on fees” award, reasoning that Baker dealt with a statute narrower than Debtor and Creditor Law § 276-a.
While giving Posner credence would permit some “fees on fees” recovery in instances where a statute (or contract, as in the case of Hayes) provides for “reasonable attorney fees” and where the statutory provision provides for expenses or fees “incurred as a result of such action or proceeding,” Baker limits such fees to those within the proceeding itself and does not extend the award of fees to efforts expended in proving a party’s entitlement to fees or in justifying the amount of fees. Baker does so, however, by a plain reading of the statute before it— that the award is “to the extent authorized.”
While EDPL 702 (B) provides for fees incurred “because of the acquisition procedure,” it is noteworthy that the language of the legislative history underlying EDPL 702 (B) — “during the acquisition procedure]” (Budget Report on Bills, July 15, 1977, at 3, Bill Jacket, L 1977, ch 839 [emphasis added]) — did not find its way into the statutory language which simply states “because of the acquisition procedure.” This distinction *449 persuades the court that it is not simply dates on a calendar which defines the measure of damages and, thus, the breadth of the remedy. Where, as here, “a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665 [1988] [internal quotation marks and citations omitted]; accord Matter of Collins v Dukes Plumbing & Sewer Serv., Inc., 75 AD3d 697, 699-700 [2010]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
Equity no less than the notion of governmental fairness requires a result which is consistent with the language and purpose of the statute and this court thus holds that plaintiff is entitled to seek and prove such “actual and necessary costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, and other damages actually incurred by such condemnee because of the acquisition procedure” from March 15, 2006 up to the date of this matter’s submission (EDPL 702 [B]).
The court directs the parties to appear for a conference at the Warren County Municipal Center on February 10, 2011 at 10:00 a.m. for purposes of further scheduling.

 It is upon the initial motion for summary judgment that Hargett v Town of Ticonderoga (56 AD3d 1016 [2008]) was decided.