Lahtinen, J.
The City of New York was required by a consent decree entered into with the Department of Environmental Conservation to create a park on a 22-acre vacant waterfront parcel in *892 Queens County. The City asserted that it owned the property, but it also commenced a proceeding pursuant to the EDPL to condemn the property and named petitioner Malba Cove Properties, Inc.* as a party having a possible interest. The City filed the order and acquisition map on February 29, 1996. The condemnation proceeding, however, took years to resolve as the parties disputed ownership and value. Supreme Court determined in October 2001 that Malba was the owner and, in February 2007, that the value of the property at the time of taking exceeded $9 million. The City was ordered to pay such amount, plus interest from the date of taking 11 years earlier, and the City made a final payment in September 2008.
Significant to this proceeding, the real property transfer gains tax was repealed by the Legislature, effective June 16, 1996— while the parties were litigating this case. Upon receiving the final payment from the City in September 2008, Malba filed under protest a real property transfer gains tax questionnaire indicating a tax of $782,947 pursuant to the former law; however, it contended that it should not have to pay the tax imposed by the repealed law. The Department of Taxation and Finance determined in October 2008 that the tax was due, plus interest from 15 days after February 29, 1996, as well as a penalty. Shortly thereafter, the Department waived the penalty. Malba paid the tax and interest under protest and, following various proceedings, respondent Tax Appeals Tribunal sustained the Department’s determination. This proceeding ensued.
Tax Law former article 31-B imposed a tax of 10% on gains derived from certain transfers of real property where consideration exceeded $1 million (see Tax Law former §§ 1441 [1]; 1443 [1]; Matter of Iser v New York State Commr. of Taxation & Fin., 256 AD2d 820, 821 [1998]). A transfer of real property was defined to include a taking by eminent domain (see Tax Law former § 1440 [7] [a]). Under the EDPL, title vests in the condemnor upon filing the order and acquisition map (see EDPL 402 [B] [5]; Friedenburg v State of New York, 52 AD3d 774, 776 [2008]; see also Putney v People, 94 AD3d 1193, 1194 [2012], appeal dismissed 19 NY3d 1020 [2012]). Here, the map was filed and title vested in the City in February 1996, and the relevant tax law was not repealed until June 1996.
Petitioners argue that the transfer was not completed as to Malba on the date the acquisition map was filed because of the narrow and unusual circumstance that the City also claimed at such time that it owned the entire property it was condemning. *893 Although it has been held that a “party instituting condemnation proceedings may not claim itself to own the property it seeks to condemn” (People ex rel. Palmer v Travis, 223 NY 150, 167 [1918]), the EDPL now provides that “[t]he court shall have jurisdiction to determine all questions relating to title” (EDPL 505 [C]). The parties do not contest here the procedure used by the City.
Where, as here, a condemnor claims that it has title to the property that it is also condemning, it is, in essence, bringing an action to determine its claim to real property and, alternatively, taking the property by eminent domain. If it prevails on the first issue, no transfer of property will take place. Hence, at the time that the City filed its acquisition map, there was no certainty that any entity would owe a tax because of a transfer of real property. It remained to be determined whether a transfer would take place.
Ownership necessarily had to be decided first and the City simply could have litigated that issue before commencing a condemnation proceeding. However, by proceeding in the fashion it did, the City was able to acquire undisputed title as of the date the map was filed and immediately use the property for the public purpose while it litigated the issues of whether it already owned the property or whether it had taken property for which it owed compensation. This is not the typical situation where, as of filing the map, the property is, in essence, replaced by a pot of money reflecting just compensation. In fact, the City made no pre-commencement offer (see EDPL 303) and it refused to authorize an advanced payment of any consideration (see EDPL 304) until November 2002, and then only after being ordered to do so when Supreme Court determined that Malba was the owner. It was not clear that there would be a payment of any compensation until the City lost the aspect of the litigation in which it claimed title.
The current case is distinguishable in one important way from Matter of Forty Second St. Co. v Tax Appeals Trib. of State of N.Y. (219 AD2d 98 [1996], lv denied 88 NY2d 807 [1996]), a case which otherwise is in many respects analogous and upon which the Tribunal relied. We held in that case that the property’s value was fixed as of the taking and “the amount of consideration to be paid in a condemnation case is not dependent on any event which may occur after the transfer” (id. at 100). Even if there had been competing claims by condemnees, the fact that there would be a payment would be settled upon filing the map, with the issue being how the money would be divided. Here, however, a title claim by the condemnor was *894 bundled with the condemnation case, and whether any compensation would be paid was entirely dependent and contingent upon resolution of the title claim. It is proper and statutorily required that the City, having lost the title issue, paid interest on the award from the date of filing the map because Malba was legally precluded from the property as of such date. However, as regards Malba, it was unsettled whether a transfer of real property involving it would occur until the City lost the title issue. It follows that, upon removal of the contingency that was out of Malba’s control and for a court to decide, it was at that time that, under these unique circumstances, it became clear that Malba would receive compensation for the property and that a “transfer” of real property exceeding $1 million occurred for purposes of Tax Law former article 31-B. Since that transfer occurred after the statute had been repealed, we agree with petitioners that the transfer gains tax should not have been imposed.
Peters, P.J., Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent Commissioner of Taxation and Finance for further proceedings not inconsistent with this Court’s decision.

 Malba dissolved in 2001 and its interest passed to its shareholders, who are included as individual petitioners in this proceeding.