■ Janice Serrone et al., Appellants, v City of New York, Respondent. [10 NYS3d 300]—

In an action pursuant to EDPL 702 (B) for an award of an

attorney's fee and the reimbursement of costs allegedly incurred in connection with a prior proceeding commenced pursuant to EDPL 207 (A), the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Rios, J.), entered December 16, 2013, as granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought the award of an attorney's fee for legal services rendered prior to February 11, 2011, and the reimbursement of costs incurred prior to that date.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 24, 2008, the New York City Planning Commission (hereinafter the Planning Commission) approved several resolutions related to the City's proposed project to redevelop Willets Point, an area of approximately 61 acres in Queens County, to include new infrastructure, public open space, affordable and market rate housing, and commercial and retail space. After the approvals by the Planning Commission were made, the New York City Council (hereinafter the City Council) approved related resolutions on November 13, 2008.

In response to the redevelopment plan and the passage of these resolutions, several affected property owners and other interested entities, including some of the plaintiffs in the instant action, commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, New York County, seeking, inter alia, to review the resolutions of the Planning Commission and the City Council. The Supreme Court, New York County, denied the petition and dismissed the proceeding (see Ardizzone v Bloomberg, Sup Ct, NY County, Madden, J., index No. 103406/09).

On February 11, 2011, the City published a notice of a public hearing that it was to conduct under EDPL article 2 to consider the condemnation of properties not yet acquired. The public hearing was conducted on March 2, 2011, and, after accepting written public comments, the City, on May 4, 2011, published a determination and findings authorizing the acquisition of these properties by eminent domain (see EDPL 204). On June 2, 2011, the plaintiffs, as owners and tenants of properties located within the Willets Point area, commenced a proceeding in this Court pursuant to EDPL 207 (A) to review the determination dated May 4, 2011. By stipulation dated May 2, 2012, the plaintiffs agreed to withdraw the EDPL 207 (A) petition in consideration for the City's agreement not to proceed under the

determination dated May 4, 2011. The withdrawal was without prejudice to the plaintiffs' "right to seek any relief under the [EDPL]" and "without prejudice to the City's right to issue a new determination and findings upon compliance with Article 2 of the [EDPL]."

The plaintiffs then commenced a special proceeding in the Supreme Court, Queens County, pursuant to, inter alia, EDPL 702 (B), seeking, among other things, the award of an attorney's fee and the reimbursement of costs allegedly incurred as a result of the City's "abandoned" acquisition procedure. After the special proceeding was converted into this plenary action, the plaintiffs moved for summary judgment on the complaint. The City opposed the plaintiffs' motion and cross-moved, inter alia, for summary judgment dismissing the complaint or, in the alternative, for summary judgment dismissing the complaint to the extent that it sought an award of an attorney's fee for services rendered prior to February 11, 2011, and the reimbursement of costs incurred prior to that date, which was the date on which the City published notice of the EDPL article 2 public hearing.

The Supreme Court, in the order appealed from, granted that branch of the City's cross motion which was for summary judgment dismissing the complaint to the extent that it sought an award of an attorney's fee for services rendered prior to February 11, 2011, and the reimbursement of costs allegedly incurred prior to that date.

In general, where a condemnor has abandoned a proceeding to acquire a property, or where a court determines that the condemnor was "not legally authorized to acquire the property," EDPL 702 (B) authorizes an award to a condemnee of a reasonable attorney's fee and costs. Significantly, however, the attorney's fee and costs that may be reimbursed under EDPL 702 (B) are expressly limited to those "actually incurred by such condemnee because of the acquisition procedure" (EDPL 702 [B]; *see Hargett v Town of Ticonderoga*, 13 NY3d 325, 330 [2009]).

The "acquisition procedure," as referenced in EDPL 702 (B), is a creature of statute, which was initiated in this case with publication of notice, pursuant to EDPL 202, of a public hearing (*see Hargett v Town of Ticonderoga*, 31 Misc 3d 443, 444 [Sup Ct, Essex County 2010]; *cf. Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540 [2006]). Since it is undisputed that the notice of the EDPL article 2 public hearing was published on February 11, 2011, the Supreme Court properly granted that branch of the City's cross motion which

was for summary judgment dismissing the complaint to the extent that it sought an award of an attorney's fee for legal services rendered, and reimbursement of costs incurred, prior to that date.

While the plaintiffs, or at least some of them, may have incurred attorney's fees and costs in the prior proceeding pursuant to CPLR article 78, those attorney's fees and costs were not incurred "because of the acquisition procedure," which was not initiated until February 11, 2011.

The plaintiff's remaining contentions are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.