Matter of Johnson v Town of Caroga (2018 NY Slip Op 00053)





Matter of Johnson v Town of Caroga


2018 NY Slip Op 00053


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524283

[*1]In the Matter of CHARLES F. JOHNSON et al., Petitioners,
v
TOWN OF CAROGA, Respondent.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

The Ayers Law Firm, PLLC, Palatine Bridge (Kenneth L. Ayers of counsel), for petitioners.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND JUDGMENT
Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent condemning a portion of petitioners' real property for the purpose of providing expanded access to a recreational trail.
Petitioners Charles Johnson and Helen Johnson, as well as the estate of Suzanne Walsh, own certain real property located west of Morey Road in the Town of Caroga, Fulton County. Respondent seeks to acquire by eminent domain a 15-foot-wide parcel of property that runs from the western terminus of Morey Road across this property to a recreational trail and adjacent
state land [FN1]. Respondent published notice of a public hearing in its local newspaper (see EDPL 201, 202) and, in addition, mailed notice thereof to the Johnsons and other similarly situated property owners. Following a public hearing, respondent's Town Board approved respondent's condemnation of the property for the purpose of expanding access from Morey Road to the recreational trail and, in December 2016, adopted a determination and findings that the proposed [*2]project would, among other things, benefit the public use. Petitioners [FN2] thereafter commenced this proceeding in this Court pursuant to EDPL 207 seeking to annul and vacate the Town Board's 2016 determination and findings. In April 2017, the Town Board rescinded its 2016 determination and findings with regard to the proposed condemnation of the property. Based on this rescission, respondent then moved to dismiss this proceeding as moot. This Court denied respondent's motion to dismiss, without prejudice to the issues involved being raised upon argument of the proceeding.
Respondent contends that the instant proceeding is moot inasmuch as the Town Board rescinded its 2016 determination and findings which formed the basis of this proceeding and, as such, there is no legal dispute presently before this Court for determination. We agree. Pursuant to EDPL 207, our review of a challenge to a condemnor's determination and findings is limited to confirming or rejecting same (see EDPL 207 [C]). Where, as here, the condemnor rescinds the determination and findings that served as the basis for the petitioners' objections, a proceeding to review said determination is rendered academic as there is no longer a determination and findings for this Court to review (see EDPL 207; Matter of SKA Foods v Tarrytown Urban Renewal Agency, 89 AD2d 590, 590 [1982]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). We find unavailing petitioners' contention that this proceeding is not moot to the extent that such a determination will eliminate their right to recover costs, disbursements and counsel fees pursuant to EDPL 702 (B). Notably, respondent has already indicated its intent to recommence a new eminent domain proceeding with respect to the same parcel of land presently at issue. Accordingly, upon any subsequent judicial determination arising therefrom, petitioners may commence a separate proceeding in Supreme Court seeking reimbursement of their fees, costs and expenses as provided for by statute (see EDPL 702 [B]; Hargett v Town of Ticonderoga, 13 NY3d 325, 329-330 [2009]).[FN3]
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ADJUDGED that petition is dismissed, as moot, without costs.



Footnotes

Footnote 1: Morey Road is a public road owned and maintained by respondent.

Footnote 2: In addition to the Johnsons, Marc Devenoge, as executor of Walsh's estate, is a named petitioner.

Footnote 3: Nor do we find that respondent otherwise abandoned its intent to acquire the subject property (see EDPL 702 [B]). Rather, in an apparent acknowledgment of certain potential procedural deficiencies with the manner in which the subject eminent domain proceeding was commenced (see EDPL art 2), and in an effort to expedite the process and avoid litigation, the Town Board adopted a resolution at its April 2017 meeting indicating that it intended to cure any procedural infirmities by simply recommencing a new eminent domain proceeding to acquire the same parcel of land that is the subject of this proceeding.