Matter of 162nd Ave. between Shellbank Basin & 95th St. in the Borough of Queens (2025 NY Slip Op 00867)

Matter of 162nd Ave. between Shellbank Basin & 95th St. in the Borough of Queens

2025 NY Slip Op 00867

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-06223
 (Index No. 701761/19)

[*1]In the Matter of Property located at 162nd Avenue between Shellbank Basin and 95th Street in the Borough of Queens, City and State of New York. City of New York, appellant; David Schwartz, et al., respondents.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rochelle Cohen, Michael Chestnov, and Stephanie Fitos of counsel), for appellant.

DECISION & ORDER
In a condemnation proceeding, the condemnor, City of New York, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 16, 2020. The order, insofar as appealed from, held in abeyance those branches of the condemnor's separate motions which were to dismiss the first, fourth, and sixth affirmative defenses of the claimant Anthony Vaccaro and the first and fourth affirmative defenses of the claimants David Schwartz and Michelle Napolitano pending a hearing to determine the validity of service of process upon the claimants and directed that such a hearing be held, and denied those branches of the condemnor's separate motions which were to dismiss the first counterclaim of the claimant Anthony Vaccaro and the first and third counterclaims of the claimants David Schwartz and Michelle Napolitano.
ORDERED that the appeal from so much of the order as held in abeyance those branches of the condemnor's separate motions which were to dismiss the first, fourth, and sixth affirmative defenses of the claimant Anthony Vaccaro and the first and fourth affirmative defenses of the claimants David Schwartz and Michelle Napolitano pending a hearing to determine the validity of service of process upon the claimants and directed that such a hearing be held is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and those branches of the condemnor's separate motions which were to dismiss the first counterclaim of the claimant Anthony Vaccaro and the first and third counterclaims of the claimants David Schwartz and Michelle Napolitano are granted; and it is further,
ORDERED that one bill of costs is awarded to the condemnor.
In 2017, the condemnor, City of New York, pursuant to Eminent Domain Procedure Law § 201, commenced a process to acquire real property for the construction of storm and sanitary sewers and replacement water mains and appurtenances in Queens. Two of the properties to be acquired were owned by the claimants David Schwartz and Michelle Napolitano, while the third property was owned by the claimant Anthony Vaccaro. Following a hearing, the City issued a determination and findings in December 2017 (hereinafter the determination), which provided that [*2]the City "should exercise its power of eminent domain to acquire" the subject properties "in order to promote and permit the purposes of the Project to be achieved." Pursuant to EDPL 207, the claimants were given 30 days to seek judicial review of the determination. The claimants did not challenge the determination.
In January 2019, the City commenced the instant condemnation proceeding and thereafter moved pursuant to EDPL 402(B)(1), inter alia, to authorize the City to file an acquisition map in the office of the City Register and, upon that filing, grant the relief sought in the petition. In April 2019, Vaccaro served a notice of appearance and answer to the petition, asserting 14 affirmative defenses and 2 counterclaims. Vaccaro's first, fourth, sixth, and seventh affirmative defenses alleged that the petition and notice of petition were never properly served on him. Vaccaro's first counterclaim was for an award of reasonable attorneys' fees resulting from defending this proceeding. In May 2019, the City moved, among other things to dismiss Vaccaro's first, fourth, and sixth affirmative defenses and first counterclaim.
In October 2019, Schwartz and Napolitano served an answer to the petition, alleging in their first and fourth affirmative defenses that they were improperly served and asserting a first and a third counterclaim for an award of attorneys' fees and for just compensation upon the taking of their property, respectively. Thereafter, the City moved, inter alia, to dismiss Schwartz and Napolitano's first and fourth affirmative defenses and first and third counterclaims.
In an order entered July 16, 2020, the Supreme Court held in abeyance those branches of the City's separate motions which were to dismiss Vaccaro's first, fourth, and sixth affirmative defenses and Schwartz and Napolitano's first and fourth affirmative defenses pending a hearing to determine the validity of service of process upon the claimants and directed that such a hearing be held, and denied those branches of the City's separate motions which were to dismiss Vaccaro's first counterclaim and Schwartz and Napolitano's first and third counterclaims. The City appeals.
On May 13, 2022, a hearing to determine the validity of service of process upon the claimants was held.
The appeal from so much of the order as held in abeyance those branches of the City's separate motions which were to dismiss Vaccaro's first, fourth, and sixth affirmative defenses and Schwartz and Napolitano's first and fourth affirmative defenses pending a hearing to determine the validity of service of process upon the claimants must be dismissed. No appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion or from an order holding a motion in abeyance (see CPLR 5701[a][2]; GMAC Mtge., LLC v Yun, 206 AD3d 796,796; U.S. Bank N.A. v Mangroo, 200 AD3d 929, 930; Evan S. v Joseph R., 70 AD3d 668, 668), and, under the circumstances of this case, we decline to grant leave to appeal.
"[A] condemnee is entitled to just compensation as of the instant its property is taken by the vesting of title in the condemnor. It is as of that time that the value is to be fixed" (Friedenburg v State of New York, 52 AD3d 774, 776 [internal quotation marks omitted]). Similarly, "reimbursement for attorney's fees and other costs incurred by a condemnee may be sought pursuant to EDPL 702(B) after it is determined in an EDPL article 2 proceeding that the condemnor lacked authority to pursue the proposed acquisition" (Hargett v Town of Ticonderoga, 13 NY3d 325, 330; see Serrone v City of New York, 128 AD3d 1049, 1051-1052).
Here, since the properties at issue had yet to be taken by the City and there was no determination in an EDPL article 2 proceeding that the City lacked authority to pursue the proposed acquisition, the Supreme Court erred in denying those branches of the City's separate motions which were to dismiss Vaccaro's first counterclaim and Schwartz and Napolitano's first and third counterclaims (see Hargett v Town of Ticonderoga, 13 NY3d at 328-329; Serrone v City of New York, 128 AD3d at 1051-1052; Friedenburg v State of New York, 52 AD3d at 776).
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.

2020-06223 DECISION & ORDER ON MOTION
In the Matter of Property located at 162nd Avenue
between Shellbank Basin and 95th Street in the
Borough of Queens, City and State of New York.
City of New York, appellant;
David Schwartz, et al., respondents.
(Index No. 701761/19)

Appeal from an order of the Supreme Court, Queens County, entered July 16, 2020. Motion by the appellant to apply the exception to the mootness doctrine to the appeal or, in the alternative, to vacate the order entered July 16, 2020. By decision and order on motion of this Court dated January 31, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court