■ FRANK FLORES et al., Respondents, v LAS AMERICAS COMMUNICATIONS, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. NEW YORK NATIONAL BANK et al., Third-Party Defendants-Respondents. [630 NYS2d 502] —Judgment, Supreme Court, New York County (David Saxe, J.), entered May 6, 1994, which awarded plaintiffs $492,623.29, including $42,968.50 for attorneys' fees and dismissed the third-party complaint, and, order of the same court and Justice, entered December 21, 1994, which denied defendants' motion to renew and to vacate the judgment entered May 6, 1994, unanimously modified, on the law, to the extent of vacating the award of attorneys' fees and otherwise affirmed, for the reasons stated by Saxe, J., with costs.

Defendants correctly contend that since the language of the parties' agreement did not clearly provide for the recovery of attorneys' fees, the court erred in awarding such fees to plaintiffs (*Hooper Assocs. v AGS Computers*, 74 NY2d 487; *cf.*, *Breed, Abbott & Morgan v Hulko*, 74 NY2d 686, *affg* 139 AD2d 71). We further note that since issue had been joined and the parties clearly indicated that they were deliberately charting a summary judgment course, the IAS Court did not err in treating plaintiffs' motion to dismiss pursuant to CPLR 3211 (b) as one for summary judgment pursuant to CPLR 3212 (*Mihlovan v Grozavu*, 72 NY2d 506).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.