OPINION OF THE COURT
Levine, J.
Appellant Phillip Siegel was the Chief Financial Officer of respondent Health Management Systems, Inc. (HMS). In that capacity, he was joined as a party defendant in several securities fraud class actions brought in the United States District Court, Southern District of New York, against HMS and various officers and directors. Although all claims against Siegel were ultimately dismissed by stipulation, HMS refused Siegel’s request for reimbursement of his attorneys’ fees and expenses. Siegel subsequently moved in the District Court for indemnification from HMS, including reimbursement for legal expenses that he incurred in making his motion for indemnification. He based his claim in part on the director/officer indemnification provisions of the New York Business Corporation Law. The court denied Siegel’s application only insofar as he sought such “fees on fees.” On appeal, the United States Court of Appeals for the Second Circuit certified the following question to us:
“Where a corporate officer is ‘successful’ in the defense of an underlying action, within the meaning of New York Business Corporation Law § 723(a), where the corporation unsuccessfully contests the duty to indemnify and contests with partial success the amount of indemnification, and where there is no bad faith on the part of the corporation * * * does the phrase ‘attorneys’ fees actually and necessarily incurred as a result of such action or proceeding,’ as used in New York Business Corporation Law § 722(a), provide for recovery of reasonable fees, incurred by a corporate officer in making an application for fees before a court (as authorized by New York Business Corporation Law § 724(a))?” (264 F3d 144, 154.)
We accepted certification (96 NY2d 931) and now answer the question in the negative.
*83 Plaintiffs alleged in the securities fraud class actions that defendants disseminated false and misleading statements designed to inflate the price of HMS stock. Certain unique facts set Siegel’s position in the litigation apart from the other individual defendants. Namely, Siegel joined HMS after the beginning date of the class period when the misconduct allegedly occurred and, unlike other defendants, he actually purchased (rather than sold) shares of HMS stock during the relevant period. Accordingly, Siegel hired separate counsel.
The actions were consolidated and plaintiffs ultimately entered into a stipulation of dismissal with prejudice as to all claims against Siegel. The action continued against the other defendants and was eventually settled for $4 million. HMS denied Siegel’s written request for indemnification, asserting that the legal fees sought were not necessarily incurred by Siegel because he did not require separate counsel.
In November 1998, Siegel moved, pursuant to Business Corporation Law § 724 and HMS’s bylaws, for indemnification of his legal fees, claiming $84,784.37 in attorneys’ fees and costs. The District Court referred Siegel’s motion to United States Magistrate Judge James C. Francis. During oral argument on the motion, HMS conceded that Siegel was entitled to more than the $5,000 cap set by HMS for indemnification of its corporate officers for individual representation. The Magistrate Judge thereafter issued a report and recommendation, concluding that Siegel’s position in the underlying litigation warranted separate representation, but rejecting Siegel’s argument that he should recover the fees and costs he had incurred in attempting to secure indemnification. Relying on this Court’s decision in Hooper Assoc. v AGS Computers (74 NY2d 487 [1989]), the Magistrate Judge reasoned that an award of fees on fees could not “be reconciled with the general rule in New York that attorneys’ fees may not be awarded unless there is specific statutory or contractual authorization.” (82 F Supp 2d 227, 236.) He therefore recommended that $17,147.64 of the requested amount be disallowed on the ground that those fees and costs were incurred in seeking indemnification.
The District Court adopted and incorporated the Magistrate Judge’s report and recommendation in its entirety. The court also rejected Siegel’s argument that he was entitled to reimbursement for these fees and costs due to alleged bad faith on the part of HMS in denying him indemnification.
On Siegel’s appeal, the Second Circuit agreed with the District Court that Siegel’s claim for attorneys’ fees based on *84 the bad faith of HMS was not valid and determined that an open question exists regarding whether “fees on fees” are authorized by Business Corporation Law §§ 722-724. The court therefore certified the present question to us and we conclude that the statute does not independently provide for the recovery of fees incurred by a corporate officer in obtaining indemnification.
Section 722 (a) of the Business Corporation Law permits a corporation to indemnify officers and directors made parties defendant in non-derivative actions (such as the underlying litigation here), by virtue of their capacity as such, for both liability and litigation costs. That provision states, in pertinent part,
“[a] corporation may indemnify any person made, or threatened to be made, a party to an action or proceeding (other than one by or in the right of the corporation to procure a judgment in its favor), whether civil or criminal * * * by reason of the fact that [the person] * * * was a director or officer of the corporation * * * against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys’ fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose * * * believed to be in * * * the best interests of the corporation” (emphasis added).[1]
Section 723 (a) mandates indemnification of a person who has been successful in the defense of a civil or criminal action or proceeding of the type described in section 722. Section 724 (a) provides that a court shall award indemnification “to the extent authorized” by sections 722 and 723 (a).
Siegel argues that Business Corporation Law article 7 is a remedial statute with the purpose of shifting all costs and personal liability away from a corporate official sued in that capacity and, thus, should be construed expansively. Siegel reads the phrase “as a result of’ in section 722 (a) as implying *85 a “but for” test, asserting that the provision entitles him to reimbursement of all fees that he would not have spent had he not been made a party to the underlying suit. He argues that but for the underlying action, he would not have incurred the litigation costs for which he sought indemnification. Hence, Siegel maintains that he is entitled to recover all fees spent in connection with the motion for indemnification.
We disagree. Were we to accept Siegel’s argument, the statutory right to indemnification would apply even to fees and expenses having the most attenuated link to the underlying action. The literal language of the statute, when taken as a whole, does not support such a construction.
In limiting recovery to only those expenses that are “actually and necessarily incurred as a result of such action or proceeding” (emphasis added), section 722 (a) quite clearly in our view requires a reasonably substantial nexus between the expenditures and the underlying suit. In actuality, the attorneys’ fees arising in connection with this motion were caused by HMS’s refusal to indemnify Siegel following his dismissal from the underlying litigation. It stretches language beyond the outer limits of meaning to claim that those fees on fees were necessarily incurred by reason of the joinder of Siegel in the securities fraud suits.
Our rejection of an expansive “but for” test to require payment of legal fees incurred to enforce statutory indemnification rights is supported by the legislative history of Business Corporation Law article 7. Each major piece of legislation passed regarding indemnification of officers and directors by their corporations was enacted for a specific, limited purpose. The first legislative treatment of the subject, in the 1940s, authorized indemnification of expenses incurred “in connection with the defense of ’ an action commenced against individuals in their capacity as directors, officers or employees (see L 1945, ch 869, § 4, adding General Corporation Law § 64 [emphasis added]). As this Court explained in Matter of Schwarz v General Aniline & Film Corp. (305 NY 395, 400 [1953], abrogated by L 1961, ch 855), the early legislation was enacted specifically to overrule the holding of New York Dock Co. v McCollum (173 Misc 106 [Sup Ct, Onondaga County, 1939, Crouch, R.]) that, at common law, even vindicated directors were not entitled to indemnification in derivative suits. Schwarz stated: “Obviously, the Legislature was talking about the financial difficulties that had befallen certain corporate directors, officers and agents when they were sued, individually, in stockholders’ suits, and had to pay their own lawyers” (305 NY at 401).
*86 In 1961, the Legislature enacted a general revision of the Business Corporation Law, including former section 723 (a), the predecessor of current section 722 (a). Former section 723 (a) was the first specific provision directed at the indemnification of officers and directors sued in those capacities in actions and proceedings other than derivative suits. It set forth the same operative language at issue here: directors and officers could be indemnified “against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys’ fees actually and necessarily incurred as a result of such action or proceeding” (L 1961, ch 855 [emphasis added]). Focusing on suits complaining of the acts of officials taken on behalf of their corporate principals, the new provision was intended expressly “to codify the common law principle that directors or officers are indemnifiable by the corporation for expenses incurred and amounts paid in actions or proceedings, other than derivative actions” (Joint Legis Comm to Study Revision of Corporation Laws, Revised Supp to Fifth Interim Report to 1961 Session of NY State Legislature, 1961 NY Legis Doc No. 12, at 54).
As explained by Professor Samuel Hoffman, who served as a drafting consultant to the New York Joint Legislative Committee to Study Revision of Corporation Laws, the objective was to codify and apply indemnification principles under the law of agency in the context of suits against corporate officials based on their conduct undertaken “in the good faith belief that [they were] acting properly in the best interests of the corporation” (Hoffman, The Status of Shareholders and Directors Under New York’s Business Corporation Law: A Comparative View, 11 Buff L Rev 496, 570-572, 574 [1962]). He cited to “the often enormous expenses of litigation incurred (and judgments or fines suffered) in the defense of such suits and, in a sense, in defense and vindication of corporate policy” (id. at 574 [emphasis added]). Hoffman further explained that his approach was heavily influenced by Professor Bishop’s article, Current Status of Corporate Directors’ Right to Indemnification (69 Harv L Rev 1057, 1065-1066 [1956]), which had pointed out the shortcomings of the prior New York statutes, for not adopting indemnification under common-law rules of agency. Nowhere in any of the legislative history of the 1961 enactment is there any indication of an intent to go beyond the common-law agency rule on indemnity, under which an agent’s attorneys’ fees incurred in enforcement of indemnification rights are not recoverable.
Siegel also relies upon the limiting language of current section 722 (c) — which authorizes indemnification only “in connec *87 tion with the defense” of derivative actions brought by or on behalf of the corporation against officers and directors — to argue that the broader language of section 722 (a) at issue here was intended to cover fees on fees. Again, the legislative history belies this argument. The distinction on which Siegel relies first appeared in the 1961 legislation. The more expansive language employed with respect to indemnification of litigation expenses and liability in non-derivative actions was expressly intended to cover expenses incurred in settling claims even prior to the commencement of a suit. The Joint Legislative Committee to Study Revision of Corporation Laws explained: “In contrast with indemnification in derivative actions (see, § 722 and paragraph (f) of § 725), indemnification is permissible under this section for expenses incurred and amounts paid in settling threatened as well as pending non-derivative actions or proceedings” (1961 NY Legis Doc No. 12, at 54; see also Hoffman, supra at 579-581).
The indemnification provisions were revisited subsequently at various times, but always leaving unchanged the operative language at issue here. Of particular note is that in 1986 and 1987, the Legislature amended these provisions in ways especially favorable to officers and directors. Thus, in 1986, article 7 was extended to permit reimbursement where the party was “successful” as opposed to “wholly successful” and to render the statutory remedies non-exclusive (L 1986, ch 513). In 1987, the Legislature amended Business Corporation Law § 402 (b) to authorize corporations, in some circumstances, to insulate directors from personal liability in derivative suits or otherwise (L 1987, ch 367, § 1). The legislative history of these amendments specifically indicates that the business corporation statutes of several states were examined for possible incorporation of their provisions. Significantly, the Model Business Corporation Act, which was also under review, and the statutes of two of the states considered — Indiana (Ind Code Ann § 23-1-37-11) and California (Cal Corp Code § 317 [a]) — contained express provisions authorizing recovery of fees incurred to enforce indemnification rights (see Bill Jacket, L 1987, ch 367, at 16; Governor’s Program Bill, Bill Jacket, L 1986, ch 513, at 11-12). The Legislature, however, did not add those provisions.
In short, the statutory language of section 722 (a) and the legislative history contain nothing indicating that the Legisla *88 ture intended to provide coverage for fees on fees. Moreover, even if, as Siegel urges, the “incurred as a result of’ language of section 722 (a) could arguably support an implied right of indemnification for fees on fees, the “American Rule” jurisprudence of this Court and the Supreme Court of the United States would militate against adoption of that interpretation. The American Rule provides that “attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule” (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491, supra). In Chapel v Mitchell, we characterized the American Rule as “an implicit legislative judgment regarding the allocation of legal fees” (84 NY2d 345, 349 [1994]). Under the American Rule as applied to statutory entitlement to attorneys’ fees, the Supreme Court has held that “we follow ‘a general practice of not awarding fees to a prevailing party absent explicit statutory authority’ ” (Buckhannon Bd. & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US 598, 602 [2001] [quoted case omitted] [emphasis added]). This Court has adhered to the same position specifically in the context of a statutory claim for corporate indemnification of legal fees, holding that, to the extent the indemnification statutes “chang [e] the common-law rule that each party pays his own lawyer, [they are] to be construed strictly” (Diamond v Diamond, 307 NY 263, 267 [1954]).
Finally, we observe that our holding does not leave corporate officers and directors remediless; Business Corporation Law § 721 expressly provides that article 7 is not an exclusive remedy and, thus, corporations remain free to provide indemnification of fees on fees in bylaws, employment contracts or through insurance.
For all of the foregoing reasons, the certified question should be answered in the negative.[2]

. In the context of derivative actions, section 722 (c) provides that a corporation may indemnify officers and directors who acted in good faith and in the best interests of the corporation “against amounts paid in settlement and reasonable expenses, including attorneys’ fees, actually and necessarily incurred by [them] in connection with the defense or settlement of such action” (emphasis added).

. [2] To the extent that Professional Ins. Co. of N.Y. v Barry (60 Misc 2d 424, affd 32 AD2d 898 [1969]) conflicts with our holding here, that case is not to be followed.