■ 546-552 West 146th Street LLC et al., Appellants, et al., Plaintiff, v Rachel L. Arfa et al., Respondents, et al., Defendants. [863 NYS2d 412]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 31, 2007, which denied plaintiffs' motion for leave to file and serve a second amended complaint and granted defendants' motion and cross motions to dismiss the action with prejudice, unanimously affirmed, with costs.

Plaintiffs are limited liability companies (LLCs) that purchased various properties between October 4, 2002 and February 25, 2005. The purchase agreements for the properties, with accompanying brokerage agreements, were entered into prior to formation of the LLCs, which, after their formation, were assigned the purchasers' rights and obligations. This sequence of events is established by copies of the brokerage agreements and of Department of State records of the formation of the LLCs, and was not disputed at oral argument before the motion court. When the LLCs were formed, defendants Arfa, Shpigel and Zamir were their sole members, with Shpigel, Zamir and defendant Harlem Holdings (owned by Arfa, Shpigel and Zamir) acting as their sole managers. Outside investors were solicited to

purchase interests in the LLCs, and the amounts the investors paid for their interests in the LLCs were used to fund the closings of the property acquisitions. The brokerage commissions were paid at the closings. Defendants Mintz Levin and Lukashok represented the LLCs in the transactions. Lukashok, either directly or through defendant Aubrey Realty, was also the broker in the three transactions in which he was the attorney.

It is alleged that Arfa, Shpigel, Zamir and Harlem Holdings received commissions from the sellers in connection with the purchases, thereby inflating the total prices of the properties by at least $6.5 million. It is further alleged that defendants failed to disclose the aforementioned commissions to the LLCs or to the prospective investors at the time their investments were solicited.

While these allegations may set forth a cognizable injury (*see generally Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]), the motion court correctly found that plaintiffs lack standing to bring them. The alleged malefactors were the only members and managers of the LLCs at the time the agreements for the payment of the undisclosed commissions were entered into, and, therefore, their acts and knowledge are imputed to the LLCs (*see Center v Hampton Affiliates*, 66 NY2d 782 [1985]). Notably, the individual investors in the LLCs have brought a parallel action, in which the question of whether such investors were wronged when their investments were solicited will be determined.

Contrary to plaintiffs' contention, there is no issue of fact as to whether the usual presumption imputing the acts of agents to their principal is rebutted by the adverse interest exception. This exception arises if the principal's interests have been totally abandoned, and cannot be invoked merely because the agents have a conflict of interest or are not acting primarily for their principal (*id.* at 784-785); the exception has been properly described as "narrow" (*see Wight v BankAmerica Corp.*, 219 F3d 79, 87 [2000]; *In re Mediators, Inc.*, 105 F3d 822, 827 [1997]).

Here, the issue is the content of the pleading. The proposed second amended complaint does not allege, nor may it be reasonably inferred therefrom, that the original owners and managers of the LLCs totally abandoned the interests of the LLCs (*see Buechner v Avery*, 38 AD3d 443, 444 [2007]); they accomplished the LLCs' main business purpose of acquiring the properties, and did not merely prolong the existence of the entities (*cf. Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 666 [1995]).

The authorities plaintiffs rely upon are distinguishable. In *Capital Wireless Corp. v Deloitte & Touche* (*supra*), denial of a pre-answer dismissal motion was upheld where the corporate plaintiff had submitted affidavits, exhibits and excerpts from deposition testimony tending to show that the fraud by its president sought its "obliteration," i.e., there was evidence of a total abandonment of the corporation's interests. The similar result on summary judgment regarding third-party counterclaims in *Dinerstein v Anchin, Block & Anchin, LLP* (41 AD3d 167 [2007]) was also based on an evidentiary showing.

Even if there were an issue of fact regarding the adverse interest exception, application of the exception would be barred here as a matter of law. We agree with the federal courts' articulation of the "sole actor" rule, that the adverse interest exception does not apply if the alleged wrongdoers were, at the time of their misconduct, either the sole managers or the sole owners of the plaintiff (*see In re Mediators*, 105 F3d at 827; *In re Grumman Olson Indus., Inc.*, 329 BR 411, 425-426 [2005]). Here, they were both (*cf. Morgado Family Partners, LP v Lipper*, 6 Misc 3d 1014[A], 2004 NY Slip Op 51791[U] [2004], *affd* 19 AD3d 262 [2005]).

Plaintiffs did not contend before the motion court that Arfa, Shpigel, Zamir and Harlem Holdings should be subject to liability as promoters, but the argument is one of law that may be raised for the first time at this juncture (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). However, the argument lacks merit. The instant circumstance, where the allegedly objectionable agreements were entered into before the formation of the LLCs so the promoters could not have then owed the nonexistent entities any fiduciary obligations, differs from that in *Northridge Coop. Section No. 1 v 32nd Ave. Constr. Corp.* (2 NY2d 514 [1957]), where it was stated, in dicta, that promoters, who had allegedly engaged in self-dealing after the plaintiff cooperative corporation had been formed, must account to it.

In view of the foregoing, we need not address the parties' contentions regarding the viability of each cause of action.

We have considered plaintiffs' other contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.