(February 18, 2010)

■ 546-552 WEST 146TH STREET LLC et al., Respondents, et al., Plaintiffs, v RACHEL L. ARFA et al., Appellants, et al., Defendants. [894 NYS2d 427]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about June 8, 2009, which denied defendants-appellants' motion for indemnification of legal expenses incurred in this action, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for calculation of such expenses.

This Court affirmed the dismissal of the complaint in this action based on plaintiff limited liability companies' (LLCs) lack of standing (54 AD3d 543 [2008], lv dismissed in part and denied in part 12 NY3d 840 [2009]). That claims for the same alleged wrongdoing remain pending in a parallel action brought by the investors does not impair defendants' entitlement to the indemnification they seek. We interpret the indemnification provision (§ 6.8) in the LLC operating agreements, that substantially tracks the statute authorizing payment of expenses to managers regarding "any and all claims and demands whatsoever" (Limited Liability Company Law § 420), to require indemnification upon the resolution of the action or proceeding for which indemnification is sought. To make defendants wait until all of the related claims against them are resolved would eviscerate the right to indemnification (see generally Stockman v Heartland Indus. Partners, L.P., 2009 WL 2096213, *11, 2009 Del Ch LEXIS 131, *42-46 [Del Ch 2009]). The award of indemnification need not await a finding that defendants were

free of misconduct. The cases plaintiffs rely upon for that proposition merely happen to involve trials in which there was evidence of wrongdoing (*cf. Diamond v Diamond*, 307 NY 263 [1954]; *People v Uran Min. Corp.*, 13 AD2d 419 [1961]).

Upon remand, there is no need to allocate the expenses because the amount of legal services did not depend on the different capacities of the various defendants, but on plaintiffs' status. We decline to address whether the indemnified legal expenses should include those incurred in filing the motion for indemnification or in prosecuting this appeal, because the issue was not fully briefed. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.