[950 NYS2d 24]

546-552 West 146th Street LLC et al., Respondents-Appellants, et al., Plaintiffs, v Rachel L. Arfa et al., Appellants-Respondents, et al., Defendants.

First Department, August 7, 2012

APPEARANCES OF COUNSEL

*Schlam Stone & Dolan LLP*, New York City (*David J. Katz* and *Michael C. Marcus* of counsel), for appellants-respondents.

*Balber Pickard Maldonado & Van Der Tuin, P.C.*, New York City (*Jane Y. Ginns* and *John Van Der Tuin* of counsel), for respondents-appellants.

## OPINION OF THE COURT

Andrias, J.

■ In this appeal, we first consider whether defendants-appellants are entitled to attorneys' fees incurred in obtaining indemnification under the applicable limited liability company operating agreements. We conclude that Supreme Court properly denied fees on fees.

Defendants Rachel L. Arfa, Alexander Shpigel and Gadi Zamir were the sole members when plaintiff limited liability companies were formed. Outside investors later purchased interests in the LLCs and their investments were used to purchase real property. In 2006, the LLCs commenced this action alleging that defendants-appellants Arfa, Shpigel and American Elite Properties (AEP), which Arfa and Shpigel controlled, concealed the fact that property sellers and mortgage brokers directly or indirectly paid them commissions, which inflated the prices that the LLCs paid for the properties.

This Court affirmed the dismissal of the complaint on the ground that the LLCs lacked standing to sue (54 AD3d 543 [2008], *lv dismissed in part, denied in part* 12 NY3d 840 [2009]). In a subsequent appeal (70 AD3d 512 [2009]), we held that defendants-appellants were entitled to indemnification from the LLCs under the parties' operating agreements, regardless of the fact that claims for the same alleged wrongdoing were still pending in a parallel action brought by the investors. We declined to address whether the indemnified legal expenses should include those incurred in filing the motion for indemnification or in prosecuting that appeal, because the issue was not fully briefed.

Supreme Court denied defendants-appellants' request for the legal fees incurred in seeking indemnification and referred the issue of the reasonableness of the remaining fees to a special referee/judicial hearing officer (JHO) to hear and report. The JHO found that $132,176.88 of the expenses sought by defend-

ants-appellants was reasonable. Supreme Court reduced the award by $34,608.15, and denied prejudgment interest and the LLCs' request for a stay (2011 NY Slip Op 31610[U] [2011]). Thereafter, the parties submitted a consent order directing the escrow agent to release $94,051.23, the amount confirmed by the court, with defendants-appellants reserving their rights to appeal and enforcement of the order stayed pending this Court's determination.

In New York, "an award of fees on fees must be based on a statute or on an agreement" (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [2001], *lv denied* 97 NY2d 608 [2002]). Arfa and Shpigel, as managers, and AEP, as Arfa and Shpigel's agent, seek indemnification for fees on fees pursuant to section 6.8 of the LLCs' operating agreements, which state in relevant part:

> "The Company shall indemnify and hold harmless each Manager and its or his direct or indirect agents . . . from and against all claims and demands to the maximum extent permitted under the Act [New York Limited Liability Company Law § 420], except to the extent that such claims or demands result from the willful misconduct or gross negligence of the Manager seeking such indemnification."

Limited Liability Company Law § 420 provides:

> "Subject to the standards and restrictions, if any, set forth in its operating agreement, a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person, or any testator or intestate of such member, manager or other person, from and against any and all claims and demands whatsoever; provided, however, that no indemnification may be made to or on behalf of any member, manager or other person if a judgment or other final adjudication adverse to such member, manager or other person establishes (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled."

The dissent believes that section 6.8 of the operating agreements encompasses fees on fees because it employs the term

"all claims and demands to the maximum extent permitted under the Act," and Limited Liability Company Law § 420 does not prohibit an award of fees on fees. The dissent finds that the Court of Appeals' decision in *Baker v Health Mgt. Sys.* (98 NY2d 80 [2002]), which held that Business Corporation Law § 722 (a) does not encompass an award of fees on fees, is inapposite because section 722 (a) limits attorneys fees to those "actually and necessarily incurred as a result of such action or proceeding," whereas Limited Liability Company Law § 420 encompasses "any and all claims and demands whatsoever." Thus, the dissent would adopt the rationale of the Delaware courts, which have interpreted statutory language similar to section 420 as authorizing an award of fees on fees in indemnification proceedings (*see e.g. Stifel Fin. Corp. v Cochran*, 809 A2d 555 [Del 2002]).

Although the dissent is correct that *Baker* did not create a per se rule against "fees on fees" in all cases (*see Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [2004]), an analysis of section 6.8 of the operating agreements and Limited Liability Company Law § 420, under the applicable principles of statutory and contractual interpretation, and in light of the public policy of the State of New York, does not support the award of fees on fees in this case.

Indemnification statutes are strictly construed (*see Baker*, 98 NY2d at 88). In *Baker*, the Court of Appeals refused to award fees on fees absent explicit statutory authority, stating in part that "even if . . . the 'incurred as a result of' language of section 722 (a) [of the Business Corporation Law] could arguably support an implied right of indemnification for fees on fees, the 'American Rule' . . . would militate against adoption of that interpretation" (*id.*).

While the language "any and all claims and demands whatsoever" in Limited Liability Company Law § 420 may be broader than Business Corporation Law § 722 (a), it does not explicitly provide for an award of fees on fees. Nor does the dissent point to anything in the legislative history that would support such an award. Thus, as in *Baker*, while the language may arguably support an implied right of indemnification, the American Rule militates against that interpretation.

Furthermore, the statutory language is permissive and does not per se create a legal duty to indemnify. Rather, it empowers a limited liability company to tailor an indemnity clause in accordance with its own "standards and restrictions," subject to

the limitations specified in the statute. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]; *Flores v Las Americas Communications*, 218 AD2d 595 [1995]).

In *Hooper*, the Court of Appeals explained:

> "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is *unmistakably clear* from the language of the promise" (74 NY2d at 492 [emphasis added]).

Section 6.8 of the operating agreements does not contain unambiguous language providing for the recovery of fees on fees. While including the broad "from and against all" and "to the maximum extent permitted under the Act" language, the provisions are also limited in that they authorize indemnification only with respect to "claims and demands" and do not specifically authorize expenses or legal fees incurred in obtaining indemnification. Thus, it is not "unmistakably clear" that fees on fees were contemplated (*see Klock v Grosodonia*, 251 AD2d 1050 [1998]; *see also Bridgestone/Firestone, Inc. v Recovery Credit Servs., Inc.*, 98 F3d 13, 20-21 [2d Cir 1996] [concluding that contract provision provided no "unmistakably clear statement" that fees on fees were intended]). We note that in contrast, the indemnity clause in favor of members contained in section 7.2 (a) of the operating agreements expressly states that it covers "any and all losses, claims, damages, liabilities, expenses (including legal fees and expenses)."

Insofar as Delaware cases have interpreted similar statutory language to allow fees on fees, defendants have not shown that the language used in the applicable operating agreements in those cases was similar to the language used in section 6.8. Further, although the interpretation of the Delaware courts may be instructive, it is by no means binding on this Court (*see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1, 9 [2009]).

In *Weaver v ZeniMax Media, Inc.* (2004 WL 243163, *7, 2004 Del Ch LEXIS 10, *26 [2004]), the Delaware Court of Chancery explained that the *Stifel* holding as to fees on fees was not de-

pendent upon the "fullest extent" language in an indemnification bylaw, but rather, among other things, upon the conclusion that indemnification rights would be incomplete without the ability to obtain litigation costs incurred to vindicate these rights. This view was rejected in *Baker* and conflicts with New York's general policy that a party is not entitled to contractual indemnification for those attorneys' fees and costs incurred in establishing its right to indemnification. There is no countervailing public policy that would warrant the award of fees on fees in this case involving a dispute between LLCs and their managers.

■ The court properly directed a reference as to the reasonable amount of the attorneys' fees to be indemnified. Our prior decision (70 AD3d 512 [2009], *supra*) did not constitute law of the case because we did not rule on the merits of the amount to be awarded (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). Nor was there a clear manifestation of an intent to waive the right to challenge the reasonableness of the fees (*see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]); in any event, the court could have raised the reasonableness of the fees on its own (*see Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [2005]).

Prejudgment interest on the fee award was also properly denied (*see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 71 AD3d 591, 592 [2010]; *see also Wells Fargo Fin., Inc. v Fernandez*, 2001 WL 58010, \*2, 2001 US Dist LEXIS 414, \*8 [SD NY 2001]). A stay of the indemnified attorneys' fee award was unwarranted because, among other reasons, a delay in payment would improperly circumvent this Court's order.

However, the motion court should have confirmed the report of the JHO, since the law firm's block billing did not render the invoiced amounts per se unreasonable and the allocations of work billed between this case and related cases were adequately explained by the billing attorney's unrebutted and credible testimony and the spreadsheet he prepared to assist in understanding the invoices.

Accordingly, the order of the Supreme Court, New York County (Charles E. Ramos, J.), entered April 7, 2010, which denied appellants' motion for attorneys' fees incurred in obtaining indemnification under certain limited liability company operating agreements, should be affirmed, without costs. The orders of the same court and Justice, entered June 15, 2011 and July 14, 2011, which rejected in part a judicial hearing officer's

report determining the reasonable amount of attorney fees incurred in defending this action, denied prejudgment interest on the fees awarded and denied a stay of the award, should be modified, on the facts, to confirm the report of the Judicial Hearing Officer, and otherwise affirmed, without costs.

CATTERSON, J. (dissenting in part). Because I believe the defendants are entitled to recoup the fees incurred in litigating their right to indemnification, I must respectfully dissent in part. The language of the indemnification clauses in the LLC operating agreements permits recovery up to the statutory limit, and the Limited Liability Company Law, unlike the Business Corporation Law, authorizes indemnification "from and against any and all claims and demands whatsoever" (Limited Liability Company Law § 420).

The plaintiffs in this case are limited liability companies that purchased various properties. Defendants Arfa, Shpigel and Zamir were the LLCs' sole members, and outside investors were solicited to purchase interests in the LLCs. Arfa and Shpigel also controlled defendant-appellant American Elite Properties (hereinafter referred to as AEP). The plaintiffs brought an action alleging that the defendants misrepresented or failed to disclose to the plaintiffs and investors that they had received commissions from the sellers of the properties.

The motion court dismissed the action on the ground that the LLCs lacked standing, and this Court affirmed. (54 AD3d 543 [1st Dept 2008], *lv dismissed in part, denied in part* 12 NY3d 840 [2009].) During the time between the motion court's dismissal and perfection of the appeal, the investors brought a separate action (*Roni LLC v Arfa*, index No. 601224/2007) against the same defendants as in this case.

In September 2008, the defendants moved for indemnification of their expenses. Arfa and Shpigel sought indemnification in their capacities as managers of the LLCs and AEP sought indemnification as their agent pursuant to section 6.8 of four LLC operating agreements. The defendants sought approximately $177,000 in fees, which included both attorneys' fees expended in defense of the underlying litigation and the fees incurred in litigating their indemnification rights. The court denied the motion on the ground that it was premature. The motion court reasoned that the resolution of *Roni LLC v Arfa*, brought by the LLC investors against the same defendants in this case, could result in a finding that the defendants had engaged in misconduct, which would preclude indemnification.

On appeal, this Court reversed, granted the motion, and remanded for calculation of legal expenses. (70 AD3d 512 [1st Dept 2010].) We found that the pendency of the parallel investor action did not render indemnification premature and that requiring the defendants to wait for resolution of all of the related claims "would eviscerate the right to indemnification." (70 AD3d at 512.) We expressly declined to address whether indemnification should include fees incurred in moving for indemnification or in prosecuting the appeal (hereinafter referred to as fees on fees) because that issue was not fully briefed.

On February 25, 2010, the defendants moved in Supreme Court for an order directing the escrow agent holding the funds securing the indemnification obligations to release $177,144.18 for (1) expenses for defending the action, (2) expenses for seeking indemnification and obtaining it on appeal, (3) prejudgment interest on the amount indemnified, (4) expenses for moving for release of the escrow, and (5) prejudgment interest thereon. The defendants attached redacted legal invoices in support of the motion.

In an April 7, 2010 order, the motion court denied the defendants' request for fees on fees and referred the issue of the reasonableness of the remaining fees to a special referee/judicial hearing officer to hear and report. At the hearing, defendants sought $139,395 in attorneys' fees and $10,760 in disbursements. Because the motion court denied its request for fees on fees, defendants submitted no proof on those fees.

The judicial hearing officer (hereinafter referred to as JHO) found $132,176.88 of the expenses reasonable and indemnifiable, and recommended an award in that amount and prejudgment interest. The plaintiffs moved to reject the JHO's recommendation. The defendants opposed and cross-moved to confirm. The motion court confirmed in part, rejected in part, and modified the report, finding that the JHO's findings were not supported by the record. (2011 NY Slip Op 31610[U] [2011].) Shortly thereafter, the parties submitted a consent order directing the escrow agent to release $94,051.23, the amount confirmed by the June 15, 2011 order. The defendants reserved their right to appeal the motion court's decision, and enforcement of the order was stayed pending appeal.

I agree with the majority that the motion court should have confirmed the JHO's report in its June 15 order. However, in my opinion, the motion court's denial of the defendants' fees on

fees should be reversed. For the reasons set forth below, we should instead remand for a calculation of reasonable expenses incurred by the defendants in successfully litigating their rights to indemnification.

It is well established that "an award of fees on fees must be based on a statute or on an agreement." (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [1st Dept 2001], *lv denied* 97 NY2d 608 [2002].) In this case, section 6.8 of the LLC operating agreements states in relevant part:

> "The Company shall indemnify and hold harmless each Manager and its or his direct or indirect agents *. . . from and against all claims and demands to the maximum extent permitted under the [New York Limited Liability Company Law]*, except to the extent that such claims or demands result from the willful misconduct or gross negligence of the Manager seeking such indemnification" (emphasis added).

Section 202 (k) of the Limited Liability Company Law authorizes an LLC to "indemnify a member or manager or any other person" "[u]nless the articles of organization provide otherwise and subject to any limitations provided in this chapter or any other law of this state." Section 420 provides that

> "[s]ubject to the standards and restrictions, if any, set forth in its operating agreement, a limited liability company may, and shall have the power to, *indemnify and hold harmless, and advance expenses to, any member, manager or other person . . . , from and against any and all claims and demands whatsoever*; provided, however, that no indemnification may be made to or on behalf of any member, manager or other person if a judgment or other final adjudication adverse to such member, manager or other person establishes (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled" (emphasis added).

Under the expansive language of the LLC agreements, the defendants are to be indemnified for "all claims and demands" including legal expenses, up to the statutory limitations. Other

than the exceptions contained in subdivisions (a) and (b), there are no statutory limitations on such indemnification.

Where "the statutory language is clear and unambiguous" and "describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.' " (*Matter of Schultz Mgt. v Board of Stds. & Appeals of City of N.Y.*, 103 AD2d 687, 689 [1st Dept 1984] [internal quotations marks omitted], *affd* 64 NY2d 1057 [1985], citing McKinney's Cons Laws of NY, Book 1, Statutes § 240.) It would appear then that under Limited Liability Company Law § 420, there is no limitation on attorneys' fees.

Indeed, the language differs starkly from that in Business Corporation Law § 722 (a), which limits attorneys' fees to those that are "actually and necessarily incurred as a result of such action or proceeding." The Court of Appeals' decision in *Baker v Health Mgt. Sys.* (98 NY2d 80 [2002]), therefore, should be found inapplicable in this case. In *Baker*, the Court held that section 722 (a) does not require that an officer or director of a corporation receive fees on fees after successfully litigating contractual indemnification rights in the absence of a specific provision in the corporation's bylaws requiring that such fees be paid in an indemnification dispute. Section 722 (a) states, in pertinent part,

> "[a] corporation may indemnify any person made, or threatened to be made, a party to an action or proceeding (other than one by or in the right of the corporation to procure a judgment in its favor), whether civil or criminal . . . by reason of the fact that [the person] . . . was a director or officer of the corporation . . . against judgments, fines, amounts paid in settlement and reasonable expenses, *including attorneys' fees actually and necessarily incurred as a result of such action or proceeding*, or any appeal therein, if such director or officer acted, in good faith, for a purpose . . . believed to be in . . . the best interests of the corporation" (emphasis added).

The Court determined that the phrase "[attorneys' fees] *'actually and necessarily* incurred *as a result* of such action or proceeding',*" requires a "reasonably substantial nexus between the expenditures and the underlying suit" (98 NY2d at 85), and rejected the plaintiff's claim for fees on fees as too attenuated from the underlying action. The Court rejected the plaintiff's

expansive "but for" test, concluding that there was nothing "indicating that the Legislature intended to provide coverage for fees on fees." (98 NY2d at 87-88.)

Limited Liability Company Law § 420, on the other hand, states that "a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person . . . , *from and against any and all claims and demands whatsoever*" (emphasis added). The statutory language is virtually identical to Delaware's Limited Liability Company Act, which states that "a limited liability company may, and shall have the power to, indemnify and hold harmless any member or manager or other person *from and against any and all claims and demands whatsoever*." (Del Code Ann, tit 6, § 18-108 [emphasis added].) There is no statute or binding precedent in New York that expressly prohibits the recovery of fees on fees under section 420, and the plaintiffs advance no compelling reason to infer such a limitation. As we observed in *Ficus Invs., Inc. v Private Capital Mgt., LLC* (61 AD3d 1, 9 [1st Dept 2009]), "Delaware courts have had ample opportunity to address these issues of indemnification for and advancement of expenses and, although not binding as to . . . New York law, their holdings can be instructive." As such, I would adopt the rationale of the Delaware courts, which have long awarded fees on fees in indemnification proceedings brought by LLC officers and directors for the reasons articulated in *Stifel Fin. Corp. v Cochran* (809 A2d 555 [Del 2002]). (*See e.g. Sodano v American Stock Exch. LLC*, 2008 WL 2738583, *17, 2008 Del Ch LEXIS 92, *61-62 [Del Ch 2008]; *DeLucca v KKAT Mgt., L.L.C.*, 2006 WL 4762856, *16, 2006 Del Ch LEXIS 19, *51-52 [Del Ch 2006]; *Senior Tour Players 207 Mgt. Co. LLC v Golftown 207 Holding Co., LLC*, 853 A2d 124 [Del Ch 2004].)

In *Stifel Fin. Corp.*, the court observed that "the indemnification statute should be broadly interpreted" to include fees on fees in order to effectuate the remedial purpose of the statute. (809 A2d at 561; *see also Gagne v Maher*, 594 F2d 336, 344 [2d Cir 1979], *affd* 448 US 122 [1980] [a fee on fee is compensable under the Civil Rights Attorney's Fees Awards Act of 1976; to "deny( ) attorneys' fees for time spent in obtaining them would dilute the value of a fees award"] ([internal quotation marks and citations omitted)].) Otherwise, an attorney representing a member or manager who is litigating statutorily authorized indemnification must seek compensation from the member or

manager or remain uncompensated, a result that is clearly contrary to the express purpose of the statute to protect members and managers from personal liability for LLC expenses. "[W]ithout an award of attorneys' fees for the indemnification suit itself, indemnification would be incomplete." (*Stifel Fin. Corp.,* 809 A2d at 561.) As the Delaware courts have reasoned, fees on fees are recoverable in "recognition to the reality that the [LLC] itself is responsible for putting the [officer or] director through the process of litigation" and because doing so "prevents [an LLC] from using its 'deep pockets' to wear down a former [officer or] director with a valid claim to indemnification, through expensive litigation." (*See Stifel Fin. Corp.,* 809 A2d at 561.)

Moreover, this Court has explicitly rejected the "argument that *Baker v Health Mgt. Sys.* . . . . created a per se rule against fees on fees." (*Posner v S. Paul Posner 1976 Irrevocable Family Trust,* 12 AD3d 177, 179 [1st Dept 2004].) To the contrary, we have found that "persuasive if not binding authority strongly suggests that statutes creating a right to attorneys' fees are served by [the] allowance [of fees on fees]." (*Kumble v Windsor Plaza Co.,* 161 AD2d 259, 261 [1st Dept 1990], *lv denied* 76 NY2d 709 [1990] [finding that a "fee on a fee" was authorized under Real Property Law § 234, the fee-shifting statute in landlord-tenant litigation]; *see e.g. Posner,* 12 AD3d at 179 [fees on fees awarded where recovery of attorneys' fees was permitted under Debtor and Creditor Law § 276-a].)*

MAZZARELLI, J.P., FRIEDMAN and FREEDMAN, JJ., concur with ANDRIAS, J.; CATTERSON, J., dissents in part in a separate opinion.

Order, Supreme Court, New York County, entered April 7, 2010, affirmed, without costs. Orders, same court and Justice, entered June 15, 2011 and July 14, 2011, modified, on the facts,

---

* The following courts have also awarded fees on fees where the award of attorneys' fees was permitted by statute: *Podhorecki v Lauer's Furniture Stores* (201 AD2d 947 [4th Dept 1994] [recovery of fees on fees was permitted when an award of attorneys' fees was authorized under General Business Law § 396-u (7)]); see also *Hargett v Town of Ticonderoga* (31 Misc 3d 443 [Sup Ct, Essex County 2010] [recovery of fees on fees permitted where the Eminent Domain Procedure Law § 702 (B) provides for fees incurred "because of the acquisition procedure"]); *Matter of Sidney K. v Ambach* (144 AD2d 874 [3d Dept 1988], *lv dismissed* 75 NY2d 765 [1989] [fees on fees permitted where Handicapped Children's Protection Act authorizes an award of counsel fees to parents who prevail in actions]); *Alfonso v Rosso* (137 Misc 2d 915 [Civ Ct, NY County 1987] [fees on fees permitted where attorneys' fees were recoverable under Judiciary Law § 773]).

to confirm the report of the Judicial Hearing Officer, and otherwise affirmed, without costs.