OPINION OF THE COURT
Andrias, J.
In this appeal, we first consider whether defendants-appellants are entitled to attorneys’ fees incurred in obtaining indemnification under the applicable limited liability company operating agreements. We conclude that Supreme Court properly denied fees on fees.
Defendants Rachel L. Arfa, Alexander Shpigel and Cadi Zamir were the sole members when plaintiff limited liability companies were formed. Outside investors later purchased interests in the LLCs and their investments were used to purchase real property. In 2006, the LLCs commenced this action alleging that defendants-appellants Arfa, Shpigel and American Elite Properties (AEP), which Arfa and Shpigel controlled, concealed the fact that property sellers and mortgage brokers directly or indirectly paid them commissions, which inflated the prices that the LLCs paid for the properties.
This Court affirmed the dismissal of the complaint on the ground that the LLCs lacked standing to sue (54 AD3d 543 [2008], lv dismissed in part, denied in part 12 NY3d 840 [2009]). In a subsequent appeal (70 AD3d 512 [2009]), we held that defendants-appellants were entitled to indemnification from the LLCs under the parties’ operating agreements, regardless of the fact that claims for the same alleged wrongdoing were still pending in a parallel action brought by the investors. We declined to address whether the indemnified legal expenses should include those incurred in filing the motion for indemnification or in prosecuting that appeal, because the issue was not fully briefed.
Supreme Court denied defendants-appellants’ request for the legal fees incurred in seeking indemnification and referred the issue of the reasonableness of the remaining fees to a special referee/judicial hearing officer (JHO) to hear and report. The JHO found that $132,176.88 of the expenses sought by defend *120 ants-appellants was reasonable. Supreme Court reduced the award by $34,608.15, and denied prejudgment interest and the LLCs’ request for a stay (2011 NY Slip Op 31610[U] [2011]). Thereafter, the parties submitted a consent order directing the escrow agent to release $94,051.23, the amount confirmed by the court, with defendants-appellants reserving their rights to appeal and enforcement of the order stayed pending this Court’s determination.
In New York, “an award of fees on fees must be based on a statute or on an agreement” (Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15 [2001], lv denied 97 NY2d 608 [2002]). Arfa and Shpigel, as managers, and AEf] as Arfa and Shpigel’s agent, seek indemnification for fees on fees pursuant to section 6.8 of the LLCs’ operating agreements, which state in relevant part:
“The Company shall indemnify and hold harmless each Manager and its or his direct or indirect agents . . . from and against all claims and demands to the maximum extent permitted under the Act [New York Limited Liability Company Law § 420], except to the extent that such claims or demands result from the willful misconduct or gross negligence of the Manager seeking such indemnification.”
Limited Liability Company Law § 420 provides:
“Subject to the standards and restrictions, if any, set forth in its operating agreement, a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person, or any testator or intestate of such member, manager or other person, from and against any and all claims and demands whatsoever; provided, however, that no indemnification may be made to or on behalf of any member, manager or other person if a judgment or other final adjudication adverse to such member, manager or other person establishes (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled.”
The dissent believes that section 6.8 of the operating agreements encompasses fees on fees because it employs the term *121 “all claims and demands to the maximum extent permitted under the Act,” and Limited Liability Company Law § 420 does not prohibit an award of fees on fees. The dissent finds that the Court of Appeals’ decision in Baker v Health Mgt. Sys. (98 NY2d 80 [2002]), which held that Business Corporation Law § 722 (a) does not encompass an award of fees on fees, is inapposite because section 722 (a) limits attorneys fees to those “actually and necessarily incurred as a result of such action or proceeding,” whereas Limited Liability Company Law § 420 encompasses “any and all claims and demands whatsoever.” Thus, the dissent would adopt the rationale of the Delaware courts, which have interpreted statutory language similar to section 420 as authorizing an award of fees on fees in indemnification proceedings (see e.g. Stifel Fin. Corp. v Cochran, 809 A2d 555 [Del 2002]).
Although the dissent is correct that Baker did not create a per se rule against “fees on fees” in all cases (see Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [2004]), an analysis of section 6.8 of the operating agreements and Limited Liability Company Law § 420, under the applicable principles of statutory and contractual interpretation, and in light of the public policy of the State of New York, does not support the award of fees on fees in this case.
Indemnification statutes are strictly construed (see Baker, 98 NY2d at 88). In Baker, the Court of Appeals refused to award fees on fees absent explicit statutory authority, stating in part that “even if . . . the ‘incurred as a result of language of section 722 (a) [of the Business Corporation Law] could arguably support an implied right of indemnification for fees on fees, the ‘American Rule’ . . . would militate against adoption of that interpretation” (id.).
While the language “any and all claims and demands whatsoever” in Limited Liability Company Law § 420 may be broader than Business Corporation Law § 722 (a), it does not explicitly provide for an award of fees on fees. Nor does the dissent point to anything in the legislative history that would support such an award. Thus, as in Baker, while the language may arguably support an implied right of indemnification, the American Rule militates against that interpretation.
Furthermore, the statutory language is permissive and does not per se create a legal duty to indemnify. Rather, it empowers a limited liability company to tailor an indemnity clause in accordance with its own “standards and restrictions,” subject to *122 the limitations specified in the statute. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (see Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]; Flores v Las Americas Communications, 218 AD2d 595 [1995]).
In Hooper, the Court of Appeals explained:
“Inasmuch as a promise by one party to a contract to indemnify the other for attorney’s fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney’s fees, the court should not infer a party’s intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise” (74 NY2d at 492 [emphasis added]).
Section 6.8 of the operating agreements does not contain unambiguous language providing for the recovery of fees on fees. While including the broad “from and against all” and “to the maximum extent permitted under the Act” language, the provisions are also limited in that they authorize indemnification only with respect to “claims and demands” and do not specifically authorize expenses or legal fees incurred in obtaining indemnification. Thus, it is not “unmistakably clear” that fees on fees were contemplated (see Klock v Grosodonia, 251 AD2d 1050 [1998]; see also Bridgestone/Firestone, Inc. v Recovery Credit Servs., Inc., 98 F3d 13, 20-21 [2d Cir 1996] [concluding that contract provision provided no “unmistakably clear statement” that fees on fees were intended]). We note that in contrast, the indemnity clause in favor of members contained in section 7.2 (a) of the operating agreements expressly states that it covers “any and all losses, claims, damages, liabilities, expenses (including legal fees and expenses).”
Insofar as Delaware cases have interpreted similar statutory language to allow fees on fees, defendants have not shown that the language used in the applicable operating agreements in those cases was similar to the language used in section 6.8. Further, although the interpretation of the Delaware courts may be instructive, it is by no means binding on this Court (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 9 [2009]).
In Weaver v ZeniMax Media, Inc. (2004 WL 243163, *7, 2004 Del Ch LEXIS 10, *26 [2004]), the Delaware Court of Chancery explained that the Stifel holding as to fees on fees was not de *123 pendent upon the “fullest extent” language in an indemnification bylaw, but rather, among other things, upon the conclusion that indemnification rights would be incomplete without the ability to obtain litigation costs incurred to vindicate these rights. This view was rejected in Baker and conflicts with New York’s general policy that a party is not entitled to contractual indemnification for those attorneys’ fees and costs incurred in establishing its right to indemnification. There is no countervailing public policy that would warrant the award of fees on fees in this case involving a dispute between LLCs and their managers.
The court properly directed a reference as to the reasonable amount of the attorneys’ fees to be indemnified. Our prior decision (70 AD3d 512 [2009], supra) did not constitute law of the case because we did not rule on the merits of the amount to be awarded (see Thompson v Cooper, 24 AD3d 203, 205 [2005]). Nor was there a clear manifestation of an intent to waive the right to challenge the reasonableness of the fees (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]); in any event, the court could have raised the reasonableness of the fees on its own (see Solow Mgt. Corp. v Tanger, 19 AD3d 225, 226 [2005]).
Prejudgment interest on the fee award was also properly denied (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 71 AD3d 591, 592 [2010]; see also Wells Fargo Fin., Inc. v Fernandez, 2001 WL 58010, *2, 2001 US Dist LEXIS 414, *8 [SD NY 2001]). A stay of the indemnified attorneys’ fee award was unwarranted because, among other reasons, a delay in payment would improperly circumvent this Court’s order.
However, the motion court should have confirmed the report of the JHO, since the law firm’s block billing did not render the invoiced amounts per se unreasonable and the allocations of work billed between this case and related cases were adequately explained by the billing attorney’s unrebutted and credible testimony and the spreadsheet he prepared to assist in understanding the invoices.
Accordingly, the order of the Supreme Court, New York County (Charles E. Ramos, J.), entered April 7, 2010, which denied appellants’ motion for attorneys’ fees incurred in obtaining indemnification under certain limited liability company operating agreements, should be affirmed, without costs. The orders of the same court and Justice, entered June 15, 2011 and July 14, 2011, which rejected in part a judicial hearing officer’s *124 report determining the reasonable amount of attorney fees incurred in defending this action, denied prejudgment interest on the fees awarded and denied a stay of the award, should be modified, on the facts, to confirm the report of the Judicial Hearing Officer, and otherwise affirmed, without costs.