Theresa Federico, individually and as a shareholder of CHALLENGE GRAPHICS SERVICES, INC., suing on behalf of herself and CHALLENGE GRAPHICS SERVICES, INC., Plaintiffs,

against
Anthony Brancato, ANTHONY BRANCATO, AS EXECUTOR OF THE ESTATE OF ROSEANN BRANCATO, AND JOSEPH BRANCATO, Defendants.


3133-12

THE INTERNICOLA LAW FIRM, P.C.
Attorneys for Plaintiffs
1000 South Avenue, Suite 104
Staten Island, New York 10314
BRACKEN MARGOLIN BESUNDER LLP
Attorneys for Defendants
1050 Old Nichols Road, Suite 200
Islandia, New York 11749


Elizabeth H. Emerson, J.

Upon the following papers numbered 1-27 read on this motionfor indemnification Notice of Motion and supporting papers 1-20 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers 21-24 ; Replying Affidavits and supporting papers25-27 ; [*2]it is,
ORDERED that this motion by the defendants Anthony Brancato and Anthony Brancato, as Executor of the Estate of Roseann Brancato, pursuant to Business Corporation Law §§ 722, 723, and 724, for and order directing Challenge Graphics Services, Inc., to indemnify them for costs and expenses, including attorney's fees, related to the defense of this action is denied.
The prior history of this action is found in this court's decision after trial dated June 9, 2014, and will not be repeated here. That decision found in favor of the plaintiff on the seventh cause of action for breach of contract insofar as it was asserted against the defendants Anthony and Roseann Brancato, in favor of the defendant Joseph Brancato on the seventh cause of action, and in favor of all of the defendants on the remaining causes of action. Pursuant to a so-ordered stipulation dated July 5, 2016, Anthony Brancato, as Executor of the Estate of Roseann Brancato (the "Estate"), was substituted for the defendant Roseann Brancato. Anthony Brancato now moves on behalf of himself and the Estate (the "Senior Brancatos"), pursuant to Business Corporation Law §§ 722, 723, and 724, for an order directing Challenge Graphics Services, Inc. ("Challenge Graphics"), to indemnify him and the Estate for costs and expenses, including attorney's fees, related to the defense of this action. 
New York has enacted a comprehensive statutory scheme governing the indemnification of directors and officers which is codified in Business Corporation Law §§ 721 to 725 (Haig, Commercial Litigation in NY State Courts, Director and Officer Liability § 94:54 [4th ed]).
Business Corporation Law § 722 is "permissive" in that it allows, but does not require, the corporation to indemnify directors and officers as long as the prescribed standard of conduct is satisfied (Haig, supra § 94:55). Under§ 722 (a), a corporation may indemnify an officer or director who is made a party to a civil action or proceeding "against judgments, fines, amounts paid in settlement and reasonable expenses, including attorney's fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in...the best interests of the corporation" (Id.; Baker v Health Mgt. Sys., 98 NY2d 80, 84). In the context of derivative actions, § 722 (c) provides that a corporation may indemnify officers and directors who acted in good faith and in the best interests of the corporation "against amounts paid in settlement and reasonable expenses, including attorney's fees, actually and necessarily incurred by [them] in connection with the defense or settlement of such action" (Id. at 84 n 1). 
A director or officer who has been successful "on the merits or otherwise" is entitled to indemnification for the defense of any civil action against him (Business Corporation Law § 723 [a]) . This type of indemnification has been termed "mandatory" indemnification because the corporation does not have discretion whether or not to grant it (Haig, supra § 94:58). Any outcome that does not result in a finding of liability is considered a "success" for purposes of this subsection (Id.).
Notwithstanding the failure of a corporation to provide for indemnification, and despite any contrary resolution of the board of directors or of the shareholders, indemnification may be awarded by a court to the extent authorized by the statutes (Business Corporation Law § 724 [a]; 14A NY Jur 2d, Business Relationships § 811). No indemnification may be awarded by a court, however, if it would be inconsistent with a corporate provision disallowing indemnification, or otherwise limiting it, in effect at the time of the accrual of the cause of action [*3]asserted in the action or proceeding in which the expenses were incurred or other amounts were paid (McKinney's Cons Laws of NY, Book 6, Business Corporation Law § 724, Comment at 415); Business Corporation Law § 725 [b] [2]).
For a corporation to grant permissive indemnification under § 722, a determination must be made that the director or officer's conduct has conformed to the requisite standard of conduct by one of the following procedures: (1) a vote by a quorum of directors who are not parties to the action or proceeding, (2) a written opinion by independent legal counsel or by the board based on an opinion by independent legal counsel, or (3) shareholder approval (Business Corporation Law § 723 (b) (1) & (2); Haig, supra § 94:62). The statutory scheme does not specify any procedure that must be followed to grant mandatory indemnification, but merely provides that, when an officer or director has been successful "on the merits or otherwise," he "shall" be entitled to indemnification ((Business Corporation Law § 723 (a); Haig, supra). Resort to a court for indemnification is authorized when the corporation has failed to provide for indemnification on a voluntary basis under § 722 and when indemnification has been refused by the directors or shareholders in a specific case under § 723 (Business Corporation Law § 724 [a]; McKinney's Cons Laws of NY, Book 6, Business Corporation Law § 724, Comment at 415). 
The instant motion is premature insofar as the Senior Brancatos seek indemnification for the $475,754.52 in legal fees and expenses that they have already incurred in defense of this action. The record does not reflect that the Senior Brancatos sought indemnification from Challenge Graphics prior to making this motion. Moreover, the motion was not made on notice to Challenge Graphics, as required by Business Corporation Law § 724 (b). It, therefore, cannot be determined from the record presently before the court whether indemnification would be inconsistent with a corporate provision disallowing indemnification, or otherwise limiting it, in effect at the time of the accrual of the causes of action asserted by the plaintiff.
The Senior Brancatos also seek an advance of legal fees and expenses in the amount of $75,000.00 for anticipated legal fees and expenses from February 1, 2017, until the conclusion of this action. When indemnification is sought by judicial action, Business Corporation Law § 724 (c) authorizes the allowance of necessary litigation expenses during the pendency of the action if the court finds that the defendant has, by his pleadings or during the course of litigation, raised genuine issues of fact or law. Here, the issue of liability has already been determined, and the issue of damages is determined simultaneously herewith. The action is, therefore, no longer pending. Accordingly, the motion is denied.
Dated: July 13, 2017
J.S.C.