Doral Fabrics, Inc. v Gold (2018 NY Slip Op 00342)





Doral Fabrics, Inc. v Gold


2018 NY Slip Op 00342


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


161939/15 5489 5488

[*1]Doral Fabrics, Inc., et al., Plaintiffs-Appellants,
v
Cheryl Gold, individually and as Preliminary Executrix of the Estate of Eugene P. Gold, et al., Defendants-Respondents, Jean Pierre Steudler et al., Defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success (Brian Thomas McCarthy of counsel), for appellants.
McLaughlin & Stern LLP, New York (Ralph Hochberg of counsel), for
Cheryl Gold and Amy Kaufman Gold, respondents.
Katten Muchin & Rosenman LLP, New York (David L. Goldberg of counsel), for UBS AG, respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 27, 2016, which granted defendants Cheryl Gold and Amy Kaufman Gold's and UBS AG's motions to dismiss the complaint as against them, unanimously affirmed, with costs.
The complaint fails to state a cause of action for fraud (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]). The first step of the purported fraud, that the decedent, Eugene P. Gold, "diverted" income from plaintiff Barker-Doral Fabrics, Inc., did not constitute fraud; rather, as the complaint alleges elsewhere, it was embezzlement.
The second step of the scheme, the sham loan of the diverted funds to plaintiff Doral Fabrics, Inc., would fulfil the requirements of fraud but for the fact that the decedent was the president and sole shareholder of Doral at the time of the loan; as such, his knowledge is imputed to it (see 546-552 W. 146th St. LLC v Arfa, 54 AD3d 543, 544 [1st Dept 2008], lv dismissed in part, denied in part 12 NY3d 840 [2009]). Thus, Doral cannot have been deceived; it knew that the loan was a sham. Contrary to plaintiffs' claim, there is record support for defendants' argument that the decedent was Doral's sole shareholder at the relevant time.
Because the complaint fails to state a cause of action for fraud, it is not necessary to consider whether the fraud claim is time-barred and whether New York has jurisdiction over defendant UBS.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK